## ROTCH'S WHARF COMPANY *vs.* LEWIS S. JUDD.

On the issue whether J. S. had acquired by adverse use a right of way across a close be-longing to a corporation, the testimony of a relative of his, who was familiar with the premises during a great part of the time of the alleged adverse use, and for several years thereof was president of the corporation and occupied a counting-room overlooking the close, is admissible, that he never knew of any claim of such an adverse use, without limiting the evidence to the period of his presidency; also that during his presidency there was always, so far as he knew, a permissive use of the close by the whole public, for the purposes of a way; and further, that he never perceived that the use made of the close by J. S. for the purposes of a way had any physical effect upon it.

In an action of trespass, brought by a corporation, it sought to prove its title to the close in dispute, by a deed thereof to itself, dated after its charter and before its organization, and recorded after such organization and before the alleged trespass. The evidence of both parties showed that the corporation occupied the close according to this deed, dur-ing the whole time to which the evidence related; but the defendant objected to the admission of the deed, on the ground that there was no corporation at its date. *Held,* that the deed was admissible.

TORT for trespassing on a close in New Bedford of the plain-tiffs, who were a corporation chartered by the St. of 1831, *c.* 88. Writ dated August 28, 1869. The answer justified the acts that constituted the alleged trespass, under a claim of a right of way in Benjamin Rodman, and his tenants and agents, to cross the close for access to a warehouse on adjoining land which the de-fendant occupied as Rodman's tenant under a lease dated in 1869.

At the trial in the superior court, before *Scudder,* J., the de-fendant sought to prove the right of way by evidence of an open, adverse and uninterrupted use thereof, beginning in 1831 and con-tinuing for more than twenty years prior to Rodman's lease in 1869, not limiting himself to any specified twenty years between the dates named. Rodman, who was called by the defendant as a witness, testified " that he never, to any one interested in the wharf, in words claimed to have any right of way over the wharf; " and it appeared " that since 1831 the wharf had been open, and uninclosed, and used as a public wharf, that many of the corporators were near relatives of Rodman, and that he himself and his tenants were customers of the wharf."

The plaintiffs offered evidence tending to show that the acts done in the use aforesaid were not adverse but by their permis-sion, and that the use had been frequently interrupted; and in

reply to the defendant's evidence as to use they called William J. Rotch, a nephew of Rodman, as a witness, who testified that he had known the close since 1845, and that for ten or fifteen years he had been president of the plaintiffs, and during all that time had occupied a counting-room from which he could constantly see the close. The plaintiffs put the following questions to this witness, to each of which the defendant objected as leading and incompetent, but the judge permitted them : 1. " Whether in fact you were ever aware of any adverse claim of right of way by Benjamin Rodman, or.his tenants, over the wharf in question." 2. " Whether, so long as you have been an officer of the plaintiff corporation, the use of the wharf has always been permitted for the passing of teams and passengers, and to Benjamin Rodman and his tenants and all other persons." 3. " Whether the passage of said Rodman's teams and those of his tenants had any physical effect upon the wharf." 4. " Why do you think so ? " The first was answered in the negative. To the second, the witness answered, " Yes, so far as I know." To the third, " No, I think not." And to the fourth, " I never perceived any effect."

To prove their title to the close, the plaintiffs offered a deed from William Rotch to the Rotch's Wharf Company, dated August 20, 1831 ; to the admission of which the defendant objected on the ground that there was no such corporation as Rotch's Wharf Company at the date of the deed. It appeared that the date of the plaintiff's charter was March 15, 1831 ; that the corporation was organized September 3, 1831 ; and that the deed was recorded March 13, 1832. The evidence upon both sides showed " the occupation to have been according to this deed for the whole time covered by the evidence," including the dates of the alleged trespass and of the writ and the trial ; and no occupation otherwise was alleged or suggested. No vote or official act of the plaintiffs was proved by them relating to the deed. The question of the admission of the deed was reserved by the court until all the testimony in the case was closed ; and it was then admitted, with instructions to the jury " that it would take effect only from the date of its delivery to the plaintiff corporation, and

that as to such delivery the burden of proof was on the plain-tiffs."

The jury found for the plaintiffs, and the defendant alleged exceptions.

*G. Marston & C. W. Clifford,* for the defendant. The first question was incompetent, as asking for immaterial evidence which was likely to mislead the jury. It should have been limited to the period within which the witness was an officer of the corpora-tion. The second question was leading, and also incompetent as asking for immaterial evidence. It should have been limited to the permission of the corporation by its lawfully authorized agent. The third and fourth questions and answers should be taken together. Their effect on the jury must have been to prove that no adverse claim was made by Rodman and his ten-ants; whereas their legal effect could only be to show that this witness in that manner knew of no adverse claim, which was im-material, since he had just testified that he did not know of any adverse claim whatever by them.

The deed was improperly admitted, for no evidence was offered of its legal delivery. Possession of a deed is *primâ facie* evi-dence of delivery at the time of its date. *Oatman* v. *Walker,* 33 Maine, 67. *Sweetser* v. *Lowell,* Ib. 446. Any subsequent deliv-ery must be proved. *Fairbanks* v. *Metcalf,* 8 Mass. 230, 238. But at the time of the date of this deed the grantee was not in existence, and therefore the presumption of a delivery is rebutted. *Hulick* v. *Scovil,* 4 Gilman, 159, 191. *Wiggins* v. *Lusk,* 12 Ill. 132. *Jackson* v. *Leek,* 12 Wend. 105. *Jackson* v. *Phipps,* 12 Johns. 418. *Powers* v. *Russell,* 13 Pick. 69, 76. The rule that the execution of a deed over thirty years old need not be proved does not extend to the delivery.

*T. M. Stetson,* for the plaintiffs.

CHAPMAN, C. J. The first four exceptions relate to the ques-tions put to William J. Rotch, a witness for the plaintiffs; and his answers. To understand them properly, it is necessary to advert to the points to which they relate, and the situation of the wit-ness. The defendant claimed a right of way over the wharf to a warehouse which he occupied under a lease from Benjamin Rod-

man, and contended that Rodman had acquired the right by adverse user. The wharf was open and uninclosed, and used as a public wharf. The witness was a nephew of Rodman, had known the *locus* since 1845, and for ten or fifteen years had been president of the plaintiff company, and had had his counting-house during all that time where he could constantly see the *locus*.

The first question was, whether he was ever aware of any adverse claim of a right of way by Rodman or his tenants over the wharf, and he answered in the negative. We can see no objection to his making this negative as broad as possible. If it had been limited to the time of his presidency, it might have been said, with some force, that he knew it at a prior time, as he was a relative of the defendant and familiar with the premises. It was the right of the plaintiffs to prove that he never had knowledge of it, and the value of this testimony would depend upon his means of knowledge.

The second question was, whether there had been a permissive use of the wharf to Rodman and his tenants and all other persons, while he had been an officer of the corporation; to which he answered, " Yes, so far as I know." This is objected to as leading; but it is not subject to exception on that ground. *York* v. *Pease*, 2 Gray, 282. It was pertinent and material; and if the defendant's counsel thought it was more broad than the knowledge of the witness would warrant, they could have ascertained it by cross-examination.

The third and fourth related to the effect of such use upon the wharf, and the reasons of the witness for his assertion. It was pertinent as showing the character of the use; and if the use did no damage, the jury would be less likely to consider it adverse than if it caused considerable damage; for a neighbor would be more likely to grant a favor that did him no injury, or to take a liberty that injured no one, than if the act were injurious.

The last exception relates to the admission in evidence of the deed of the wharf property to the plaintiffs. The plaintiffs' charter was March 15, 1831. The organization was September 3, 1831. The deed was dated August 20, 1831; and the registry was March 13, 1832. The plaintiffs' occupation has been accord-

ing to the deed, during the whole period covered by the evidence. The proof of the deed was not material as against the defendant, the prior possession of the plaintiffs being a sufficient title. *Barnstable* v. *Thacher*, 3 Met. 239. The acceptance of the deed will be presumed as soon as the plaintiffs were competent to take it. *Concord Bank* v. *Bellis*, 10 Cush. 276. *Ward* v. *Lewis*, 4 Pick. 518. *Bank of United States* v. *Dandridge*, 12 Wheat. 64, 70. And these plaintiffs could accept a deed as soon as they became competent to make a contract under their charter. This was at an earlier period than the commencement of the defendant's use of the way. We think the deed was properly admitted in evidence.                     *Exceptions overruled.*