Gorsuch *vs.* Rutledge.

(Decided 26th February, 1889.)

## THOMAS J. GORSUCH *vs.* RUFUS F. RUTLEDGE.

*Written agreement—Evidence—Relevancy—Escrow.*

When parties have made a written agreement, the writing is regarded as the exclusive evidence of the contract, and all oral negotiations and stipulations preceding or accompanying the execution of the written agreement are merged in it, and are not admissible in evidence.

And the admission in evidence on the part of the plaintiff, of some previous negotiations, the same being incompetent and irrelevant,

does not authorize the introduction of testimony of the same kind on the part of the defendant.

It was pleaded to an action on a sealed agreement for a lease that it was delivered to M. as an escrow to become effective upon conditions stated. At the trial the defendant offered to prove, that, at the time the written agreement was executed, it was agreed between the parties that it should be left in possession of M. and and that it should not take effect to rent the property to the plaintiff until either plaintiff or defendant should inform M. that the tenant then in possession had left the property. The Court, on objection by the plaintiff, refused to admit said evidence. On appeal it was HELD:

1st. That said evidence was admissible in itself.

2nd. That it was not rendered inadmissible by the fact that it was offered in connection with other evidence which was not competent.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The *First, Second,* and *Third Exceptions* are sufficiently stated in the opinion of the Court.

*Fourth Exception.*—The defendant offered to prove by himself as a witness, that the plaintiff called to see him in March, 1887, in reference to the renting of the property in question, and that he informed the plaintiff that he would rent him his property subject to Stansbury's leaving it, and that the plaintiff was satisfied to rent it subject to that condition, and did agree so to rent it, and requested the said Meyerly to write said condition in the agreement; that Meyerly said it would not be proper to put it into the agreement; that it was then and there agreed between the plaintiff and defendant that the agreement offered in evidence should be executed by them, and left with Meyerly, and that it should not take effect to rent the property to plaintiff, until either plaintiff or defendant should

have notified Meyerly that Stansbury, then in posession, should have left the property. The plaintiff objected to said offer of proof, and the evidence thereunder, and the Court, (SMITH, J.,) sustained the objection, and refused to allow the same to be given in evidence. The defendant excepted, and the verdict and judgment being against him appealed.

The cause was argued for the appellant before MILLER, STONE, ROBINSON, IRVING, BRYAN, and McSHERRY, J., and submitted on brief for the appellee.

*David N. Henning,* for the appellant.

*William H. Thomas,* and *James A. C. Bond,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

The declaration in this case averred that Rutledge and Gorsuch entered into an agreement under seal for the renting of certain premises in the town of Hampstead, Carroll County, belonging to Gorsuch; and that in said agreement the parties bound themselves for its true and faithful performance in the sum of fifty dollars as liquidated damages. It was also averred that Gorsuch had refused to deliver to Rutledge possession of the premises according to the terms of the agreement. Gorsuch, the defendant, pleaded that the agreement was delivered to one Meyerly as an escrow, on the condition that it should become operative as a lease, only upon the plaintiff's obtaining possession of the premises from the then occupants without the intervention of the defendant. Additional pleas were afterwards filed by leave of the Court.

The first plea ought to have contained an averment that the condition had not been performed, upon which

Gorsuch *vs.* Rutledge.

the agreement was to become operative as a lease. We need not, however, consider this question, as no objection was made to the pleadings in the Court below, and consequently no question upon them can arise in this Court.

The plaintiff offered in evidence the agreement under seal, and also his own testimony that a previous parol agreement had been made for the renting of the property, and that Lewis C. Meyerly at plaintiff's request reduced to writing the agreement for renting, but defendant being dissatisfied with it, Meyerly took a memorandum for a new agreement, which he wrote, and which is the instrument of writing offered in evidence; and that both plaintiff and defendant signed it, and Meyerly witnessed it, and that it was agreed that Meyerly should hold the agreement as the custodian of both parties, and that he did so. The plaintiff also testified that he had demanded of the defendant possession of the premises in question, but had been unable to obtain it. On cross-examination of the plaintiff, the defendant asked him "to state all that was said between him and the defendant, or between defendant and said Meyerly, in the presence of the plaintiff, before the signing, and executing and delivery of said agreement, on the subject of the renting of the premises in the said agreement mentioned." On objection by the plaintiff, the Court refused to permit the question to be asked, and the defendant excepted. When parties have made a written agreement, the writing is regarded as the exclusive evidence of the contract, and all oral negotiations and stipulations preceding or accompanying the execution of the written instrument are merged in it. As a consequence they are not admissible in evidence. It is true in this case that the plaintiff had given evidence of some previous negotiations between the parties about the

renting of this property. They could not however affect the construction of the written agreement, or any right derived from it. The evidence was incom-. petent and irrelevant. It did not, however, authorize the introduction of testimony of the same kind on the part of the defendant. In *Baltimore & Susq. Railroad Co. vs. Woodruff*, 4 *Md.*, 255, we find the law thus stated: "In *Walkup vs. Pratt*, 5 *H. & J.*, 56, the Court held, that 'if the counsel for the appellee had offered improper evidence, the Court, on application, would have rejected it, but the offering improper evidence by one of the litigant parties, never can justify the introduction of similar evidence by the other party; such doctrine would lead to endless confusion, and destroy all the established rules of evidence.'" And in *Stringer vs. Young's Lessee*, 3 *Peters' Rep.*, 336, 337, it was decided that "irrelevant testimony would not be admitted as an answer to irrelevant testimony." We approve of the ruling in this exception. In what we have said, we do not wish to be considered as having any reference to a case, where incompetent evidence has been admitted on one side, which may injuriously affect the opposite party. It was decided in *Milburn vs. State*, 1 *Md.*, 14, that under such circumstances it was competent to contradict it. The question is not presented in this case, and we do not deem it necessary to discuss it. On the application of this appellant, the Court below would have construed the written agreement without giving any effect to the evidence of previous parol agreements on the same subject. The question in the second and third exceptions depend on the same principles, which we have considered in disposing of the first. In the fourth exception, the defendant offered to prove that at the time the written agreement was executed, it was agreed between the parties that it should be left in possession of Meyerly, and

Gorsuch *vs.* Rutledge.

that it should not take effect to rent the property to the plaintiff, until either plaintiff or defendant should inform Meyerly, that the tenant then in possession had left the property; but the Court on objection by the plaintiff refused to admit the evidence. It was essential to the existence of the sealed agreement as a valid instrument, that it should be delivered. A deed without delivery is in an imperfect state, and has no effect whatever. And the obligation rests upon the plaintiff, who asserts the existence of the deed, to prove the delivery; for the same reason that it is incumbent on him to prove any other matter necessary to give it vitality. The proffered evidence would have shown (if true) that the sealed instrument was delivered to Meyerly as an escrow, to take effect as a deed on the condition named. In *Union Bank of Maryland vs. Ridgely*, 1 *H. & G.*, 416, it was said "that the defendant may give in evidence, under the plea of general *non est factum*, that the instrument of writing was delivered as an *escrow* on a condition not performed, is every where to be found; and it is equally well settled, that he may plead it specially, and that the proper conclusion to that plea is to the country; because it is a special negative to the affirmative in the declaration—the allegation in the declaration, that it is the writing obligatory of the defendant, including the allegation of the delivery of it as a deed; and it is this conclusion to the country that raises the question, whether the proof is on the plaintiff or defendant." In the case just mentioned, the defendant pleaded specially that the bond in suit was delivered as an *escrow* on a condition which had not been performed; and the Court explicitly decided that on proof of delivery as an *escrow*, it was necessary for the plaintiff, in order to maintain the bond, to prove the performance of the condition. Page 418. The evidence,

which we have been considering, was tendered in con-
nection with other evidence which was not competent
under the principle which we have stated in consider-
ing the first exception.   But as some portion of the
evidence embraced in the offer was admissible, it was
error in the Court to reject the whole of it.   *Carroll's
Lessee vs. Granite Manufacturing Company,* 11 *Md.,* 408.

For error in the fourth exception, the judgment must
be reversed.

*Judgment reversed, and
new trial ordered.*

(Decided 1st March, 1889.)