SELIGMAN HERZBERG *vs.* EDWIN WARFIELD, Trustee.

*Deed for Benefit of Creditors—Validity—Attachments— Liens—Bond of Trustee—Constitutional law.*

Where, after the execution of a deed of trust for the benefit of creditors, but prior to a sale thereunder of certain real property, attachments founded upon sworn allegations that the grantors in said deed had assigned and disposed of their property, or some portion thereof, with intent to defraud their creditors, are issued, and laid in the hands of the trustee, and not per schedule, they affect only the rights and credits, goods and chattels in his hands, and cannot ripen into liens on the real estate, and consequently furnish no sufficient objection to the ratification of the sale thereof under the deed of trust.

The allowance by the grantor in a deed of trust for the benefit of creditors, of eight per cent. commission to the trustee, is not *per se* such evidence of fraud as would justify a Court in declaring the deed to be of doubtful validity.

Herzberg *vs.* Warfield, Trustee.

The Act of 1890, ch. 263, authorizing the Fidelity and Deposit Company of Maryland to become surety in cases provided for by section 205 of Article 16 of the Code, which enacts that no title shall pass to any trustee to whom any estate shall be limited or conveyed, for the benefit of creditors, or to be sold for any other purpose, until the trustee shall file with the clerk a bond in double the amount of the trust estate, with more than one surety, to be approved by the clerk, and conditioned for the faithful performance of the trust, is valid.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken from an order of the Court below, (DENNIS, J.,) overruling exceptions to the sale made by the trustee, and finally ratifying the same. The case is stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, ROBERTS, and McSHERRY, J.

*Bernard Wiesenfield,* for the appellant.

*Isidor Rayner,* for the appellee.

PAGE, J., delivered the opinion of the Court.

The appellant, Seligman Herzberg, became the purchaser at public auction of certain property situated in Baltimore City, sold by Edwin Warfield under a deed of trust for the benefit of creditors, made by Samuel Rosenthal and Charles Rosenthal. After the sale was reported to the Court, the appellant excepted to its ratification, because, prior to the said sale, but subsequently to the execution of the deed of trust, certain attachments, founded upon sworn allegations, that the Rosenthals had assigned and disposed of their property, or some portion thereof, with intent to defraud their creditors, were issued, and laid in the hands of the trustee, and that the validity of the deed is thereby assailed; and, further,

because since the making of the deed, but before the sale, *"numerous"* judgments were obtained against the Rosenthals, and, "if said deed of trust be declared void," the appellant will be further involved in litigation with the judgment creditors.

The parties, by their counsel, agree that the attachments referred to were "not laid per schedule, but were laid *in the hands of* Edwin Warfield." A paper signed by the attorneys for the attaching creditors, also appears in the record, in which, after setting forth the sale of the property mentioned in these proceedings, (but called in the paper the Hanover street property,) and that the purchaser has filed objections to the confirmation of the sale, upon the ground that said attachments might become a lien upon the property, it is stated, that the attaching creditors "exonerate and discharge" the property "from any lien or claim whatever on their part by reason of their said attachments;" but, it is also provided in said paper, that nothing contained therein "shall in anywise affect the attachment proceedings or the rights claimed by the attaching creditors in the funds and property other than the Hanover street property, in the hands of the said Edwin Warfield, garnishee."

It is not alleged that these attachments are inchoate liens on the property, and we think it could not successfully be so contended. Had the attaching plaintiffs desired to acquire such liens, they might have laid the writs upon the land, and in that event the land must be described with sufficient certainty, so as to lay a legal foundation for a judgment of condemnation. *Fitzhugh vs. Hellen,* 3 *H. & J.,* 206.

This was not done, and, as clearly appears from the paper signed by their attorneys, the attaching plaintiffs do not now set up any lien or claim on the land. The writs were laid "in the hands" of Edwin Warfield, and

affect only the rights and credits, goods and chattels, of the Rosenthals in his hands at the time of laying of the attachments or any he may have, up to the time of the trial. Being so laid, these proceedings are against Mr. Warfield as garnishee only, and can by no possibility ripen into liens on the property mentioned in this case. But the appellant insists that, inasmuch as judgments in the attachments can be rendered only upon the Court finding the facts set out in the affidavits to be true, such judgments would be tantamount to a determination that the deed is void; and, in the event of such judgments being rendered, the purchaser, if compelled to complete his purchase, might be involved in litigation to protect his title, because, if the deed of trust be declared void, the legal title is still in Rosenthal, subject to the liens of judgments obtained against him. It is unquestionably true that a purchaser will not be required to accept property fettered with incumbrances, nor when sufficient reasons exist for reasonably anticipating that, if it be forced upon him, he would in consequence be involved in litigation. "As to what doubts will be sufficient," said Judge MILLER, in the case of *Gill vs. Wells*, 59 *Md.*, 494, "no general rule can be laid down. * * He should have a title which shall enable him not only to hold his land, but to hold it in peace; and, if he wishes to sell it, to be reasonably sure that no flaw or doubt will come up to disturb its marketable value. But a threat, or *even the possibility* of a contest, will not be sufficient. The *doubt must be considerable* and *rational*, such as would and *ought* to induce a prudent man to pause and hesitate." The objection, which we are now considering, is in effect that the deed is invalid or may possibly hereafter be pronounced invalid. The appellant himself does not make this averment, nor does he aver that any one else has directly charged it, but he states that certain persons, who are creditors of the Rosenthals, have, for

the purpose of getting out attachments, made affidavits in which it is alleged, among other things, that the Rosenthals have assigned their property or some portion thereof, with intent to defraud their creditors, and that by reason thereof the validity of the deed is assailed. Other than this statement of what litigants have done in a suit, to which the appellant is neither a party nor a privy, and which can never, as we have stated, become liens upon the property sold to the appellant, no reason has been assigned why the Court should pronounce the deed of trust to be of doubtful validity. It was contended, it is true, at the argument, that the provision for a commission of eight per cent. to the trustee was improper and rendered the deed void. But there is no question of the right of a grantor, in a deed of this kind, to provide for the payment of reasonable commissions to the trustee, and we are not yet prepared to say that an allowance of eight per cent. is, *per se*, such an evidence of fraud as would justify a Court in declaring the deed to be of doubtful validity.

It is not alleged that in any of its other provisions it is objectionable, or that it was improperly executed, acknowledged, or recorded; and there is no fact set up or proved which in anywise casts doubt upon the entire good faith of either the grantors or the grantee.

Another objection to the ratification of the sale to the appellant is, that the bond of the trustee is not made in compliance with section 205, Article 16, of the Code, which provides, in substance, that no title shall pass to any trustee to whom any estate shall be limited or conveyed for the benefit of creditors, or to be sold for any other purpose, until the trustee shall file with the clerk a bond in double the amount of the trust estate with more than one surety, to be approved by the clerk and conditioned for the faithful performance of the trust, &c. This raises the question of the constitutionality of the

Act of 1890, chapter 263, in so far as it authorizes the Fidelity and Deposit Company of Maryland to become sole surety in cases provided for by the section of the Code referred to above.

As this question has received the special consideration of this Court at the present term in other cases, and we have arrived at the conclusion that this provision is valid, (see *Gans vs. Carter, et al., extra p.,*) and the reasons for so declaring are therein fully set forth, no further remarks on the subject are here needed.

*Order affirmed.*

