(Decided June 23rd, 1897).

---

## THE LAKE ROLAND ELEVATED RY. CO. *vs.* LEVI C. WEIR and Others, Trustees of the Adams Express Company.

*Evidence—When Irrelevant Testimony May be Contradicted—Damage to Property by Elevated Street Railway.*

The general rule is that the introduction of irrelevant evidence by one party will not justify the introduction of similar evidence by the other.   But when irrelevant evidence offered by one party has been admitted by the Court *after objection* thereto, then the other party is entitled to offer evidence to contradict or explain it.

In an action to recover damages for injury to plaintiff's property caused
by the erection of an elevated railway in the street in front of it, a
witness for the plaintiff testified that. in his opinion the adjoining
property had been damaged in value by the railway to a certain ex-
tent. *Held,* that this evidence could not be rebutted by showing
that the owner of the adjoining property had released his claim for
damages against the railway company for a much smaller sum than
that mentioned by the witness, because the fact that such owner was
willing to accept a certain amount in satisfaction of his claim is not
evidence as to the amount of damage caused to plaintiff's property,
and also because the two properties being used for different purposes,
evidence as to the amount of damage caused by the railway to the
adjoining property was irrelevant.

Appeal from the Court of Common Pleas (HARLAN, C.
J.) The plaintiffs below obtained a judgment for $4,000.

The cause was argued before McSHERRY, C. J., BRYAN,
FOWLER, PAGE and BOYD, JJ.

*Francis K. Carey* (with whom were *John N. Steele, John
E. Semmes, Nicholas P. Bond, S. Tagart Steele* and *William
H. Buckler* on the brief), for the appellant.

*William S. Thomas*, for the appellees.

BOYD, J., delivered the opinion of the Court.

The appellees recovered a judgment against the appellant
for damages sustained by them by reason of the erection by
the appellant of a structure for its elevated railway in front
of their property on North street in the city of Baltimore.
Adjoining the appellees' property was what was known as the
Maryland Paint Works, which belonged to the estate of
Susanna Popplein, of which the Safe Deposit and Trust
Company of Baltimore was trustee. In the course of the
examination of witnessses, W. W. McClellan, a real estate
expert who was produced on behalf of the appellees, testi-
fied that he had been employed by the Safe Deposit and
Trust Company to place a valuation on the Popplein lot in a
division of the property which was contemplated by the
heirs ; that he had estimated the value of the lot prior to
the erection of the elevated railway at $21,687.00 and then

deducted 20 per cent. to represent the damage done by it, and that in his opinion $17,500.00 represented its value after allowance had been made for the damage done. He stated that he had not discussed with the trustee the effect of the structure upon the market value of the lot. John W. Marshall, who is secretary of the Trust Company and who supervised the proceedings by which the property was allotted to two of the Popplein heirs, was called by the defendant. He testified to the fact that Mr. McClellan had been called upon to name a valuation so it could be submitted to the family; that he had no recollection that in his conferences with him the elevated structure was ever discussed or taken into consideration; that he, the witness, had appraised the property at $15,000.00 and he " never thought that that particular piece of property was injured by reason of the structure," and gave his reason for that opinion. The witness was then asked the following question : " You spoke of a compromise between the Lake Roland Company and the Safe deposit and Trust Company of Baltimore, trustee. State whether, after the litigation was compromised, the Safe Deposit and Trust Company as trustee executed a deed of release for a sum of money to the Lake Roland Elevated Railway Company authorizing it to maintain their tracks opposite the structure ?" The question was objected to and the record does not show whether it was answered or not, but the defendant then offered in evidence a certified copy of release from the trustee to the railway company, which, after reciting the receipt of $500.00 in full settlement of all claims against the company for or on account of the construction or maintenance of the elevated railway, released the company from all damages. The plaintiff having objected to the admission of the release, the Court sustained the objection and that ruling presents the only question that is before us.

We cannot see the relevancy of that testimony from any view we take of it. We do not understand the appellant to contend that evidence of the value of the Popplein prop-

erty was properly admitted at the instance of the appellees, the plaintiffs below, but it is contended that if it be conceded that it was incompetent, the offer of the appellant was proper because the evidence produced by the plaintiffs, though incompetent, had been admitted and had injuriously affected the defendant and therefore it was competent for it to meet it with evidence which would otherwise have been inadmissible.    The general rule is that the introduction of irrelevant testimony by one party will not justify the introduction of similar evidence by the other, for as was said in *Walkup* v. *Pratt*, 5 H. & J. 51, " such doctrine would lead to endless confusion and destroy all the established rules of evidence." This rule has been followed in numerous cases, among which are *Balt. & Susq. R. R. Co.* v. *Woodruff*, 4 Md. 242 ; *Warner* v. *Hardy*, 6 Md. 525 ; *Higgins* v. *Carlton*, 28 Md. 115 ; *Bannon* v. *Warfield*, 42 Md. 22, and *Gorsuch* v. *Rutledge*, 70 Md. 272. We have been referred to no case in this State where the contrary has ever been held, unless the irrelevant evidence sought to be met had been admitted by the Court *after objection* made to it. That was the case in *Milburn* v. *State*, 1 Md. 1.    The Court there said :  " This evidence on the part of the plaintiff was objected to, but the Court overruled the objection and the defendants excepted.   The testimony having been given to the jury we are of the opinion that the Court erred in withholding from the same tribunal the testimony proposed to be given by William Biscoe, on behalf of the defendants. * * *  Were the testimony offered by the plaintiff, and allowed by the Court inadmissible, yet, being admitted, the defendants had the right to rebut it.   There is no principle better established, or more familiar to the profession, than that testimony, inadmissible in itself, becomes competent and proper, by the admission of other testimony to which it may be a reply." The statement in 70 Md. 272, *supra*, relied on by the appellant, that " in what we have said we do not wish to be considered as having any reference to a case where incompetent evidence has been admitted on the

one side which may injuriously affect the opposite party,"
is in perfect accord with this view.    The Court went on to
say "it was decided in *Milburn* v. *State*, 1 Md. 14, that
under such circumstances it was competent to contradict
it"—thus showing that it referred to testimony admitted
under such circumstances as existed in that case, where
irrelevant testimony had been admitted, notwithstanding the
objection of the party afterwards seeking to rebut it.    The
distinction was also made in *Higgins* v. *Carlton*, *supra*,
where it is said " the fact that illegal testimony has been per-
mitted to go to the jury without objection, cannot be urged
as a ground for allowing other testimony, inadmissible under
the rules of evidence, to be given when objection is made."
The distinction is a perfectly sound one.    If after objection
is made to testimony, the trial Court admits it, the plainest
principles of justice, to say nothing of consistency in the
Court's rulings, would require that the other party be per-
mitted to meet it.    The ruling of the Court in the first in-
stance determines it to be competent, and the party offering
it should not be permitted to object to the other side con-
tradicting or explaining it on the ground that it is incom-
petent, when the Court has held, at his instance, that
evidence on that subject is admissible.    But if every im
material matter suggested by witnesses themselves or
brought out without objection or the Court's attention
being directed to it, can be met with like evidence, trials
will be uselessly prolonged and the minds of the jurors led
away from the real issues intended to be submitted to them.
The closer jurors can be kept to the lines that separate
suitors, the more likely will justice be done by them.    If
the evidence be clearly irrelevant, it should not be admitted
on the ground that other irrelevant evidence had already
been introduced, unless the latter was admitted by the
Court after objection.    If the irrelevant evidence is offered
by one party, the other side should object to it, and if it be
given before its irrelevancy is apparent, the Court should
strike it out on proper application.

But if the appellant's views on that question had been adopted, this release was not admissible for other reasons.    The testimony of Mr. McClellan simply showed his opinion of the damages to the Popplein lot by the erection of this elevated structure.    If that had been relevant to the issues in this case, his valuation could not be contradicted by any recitals in that release.    Mr. McClellan was not a party to it and he says he had not discussed with the trustee the effect of the structure upon the market value. If the object was to show that the trustee was of the opinion that the damage was less than Mr. McClellan had estimated it, the testimony of Mr. Marshall, who represented the trustee, which was admitted without objection, was that he " never thought that that particular piece of property was injured by reason of the structure."    If Mr. Marshall was mistaken in his opinion, that mistake entered into the consideration of the release, and it did not fairly represent the damage done to the property.    If he was correct, the jury had the benefit of his opinion and that, too, in a more favorable light to the appellant than it would have had from the release.    Mr. Marshall also testified that when Mr. McClellan gave his opinion of the value of the property, " the structure was complete, the compromise was fully consummated, and there was the property ; that McClellan appraised it as it then stood."    In point of fact the release was executed nearly two months before Mr. McClellan made his report to the trustee.    It is possible that if the trustee had known his opinion of the damage done to the lot before the case was compromised, it might have demanded more, but be that as it may his testimony could not be rebutted in the way proposed, even if it be conceded that it could be by proper evidence.    If the owner or representative of the Popplein lot saw proper to accept $500 in full of all damages occasioned by the building of that structure, it could not possibly bind the owners of the lot involved in this controversy to any such sum or reflect upon the real damage sustained by them.    The front on North street of the ap-

pellees' property was sixty-six feet, whilst that of the Popplein lot was less than fifty-six. The two properties were used for wholly different purposes. The construction of the elevated railway might affect them very differently and the owners might differ as to the advisability of settling the disputes with the appellant out of Court, rather than have the annoyance and expense of a jury trial. But if the officers of the company thought $500 was a full compensation for all damages sustained by that lot and for that reason executed the release, it could not be offered in evidence in this case. It would be equivalent to permitting the appellant to offer the unsworn statement of third persons, not parties to this suit, to contradict the evidence of a witness who is under oath and subject to the cross-examination of the appellant's attorneys. If, then, the evidence of Mr. McClellan had been relevant, or had been admitted after objection, it could not have been met with evidence of this character. Other objections were urged to the admission of the certified copy of the release offered, but it is unnecessary to discuss them. The judgment must be affirmed.

*Judgment affirmed with costs.*