S. COATE *v.* MEMPHIS RAILROAD TERMINAL COMPANY.

(*Jackson.*   April Term, 1908.)

EVIDENCE. Of what party condemning land under eminent domain laws paid for other land is incompetent, when.

In a proceeding instituted by a public service corporation to condemn land for its use, evidence of what it paid for other land in the neighborhood of that sought to be condemned was properly excluded by the trial judge. Evidence of what the party condemning has paid for other property is incompetent. Such sales are not a fair criterion of value, for the reason that they are in the nature of a compromise.

Numerous cases in other jurisdictions are cited and approved in the opinion on pages 529, 530.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals.—J. P. YOUNG, Judge.

M. C. KETCHUM, for plaintiff.

FITZHUGH, BIGGS & FITZHUGH, for defendant.

---

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This proceeding was instituted by the defendant in error, a public service corporation of Memphis, to condemn certain real property of the plaintiff in error,

essential to its use.   In the trial in the circuit court there was offered by the plaintiff in error testimony tending to show what the defendant in error had paid the owners for other lots lying in the neighborhood of that, the value of which is here in controversy.   This testimony was excluded from the jury by the trial judge, and his action in this regard was held to be free from error by the court of civil appeals.   The case is now before us upon a petition for a writ of *certiorari* to correct this holding.

There was no error in this matter.  The question was carefully considered and deliberately decided by this court at the April term, 1907, in *Union Railway Co.* v. *C. C. Mauldin et al.*   The opinion in that case, however, was not carried into our reports, for the reason that, after reversing the judgment of the lower court for letting in improperly such evidence, upon a re-examination we found that a *remittitur,* suggested and accepted, would cure all possible injury resulting from its admission.   This being made, the reversal was set aside.   For this reason alone the opinion then delivered was not brought forward.   The same question being now presented, we think it proper, in view of our adherence to the principle then announced, to incorporate that opinion in this as the law of the present case.   It is as follows:

"The record embraces bills of exceptions covering two trials of this case.   Upon the first of these trials there was a recovery in favor of the defendant in error for

$900, and the verdict rendered by that jury upon that trial was set aside.   The last trial resulted in a verdict of $1,700, with interest.   From the judgment pronounced on that verdict, as well as from the action of the court in setting aside the first of the verdicts referred to, the case has been brought to this court by appeal in the nature of a writ of error.

"It is unnecessary to comment with any detail upon the action of the trial judge in granting a new trial after the first verdict.   It is sufficient to say that, for an error committed in granting a request submitted by the plaintiff below, we are satisfied with his action in that respect.   To understand the point upon which it is insisted that the judgment entered upon the verdict rendered at the last trial should be reversed, and the case remanded, it is proper to say that this is a proceeding instituted by the present plaintiff in error, a corporation organized for the purpose of building a line of belt railway around the city of Memphis, to condemn a portion of the property of the defendant for the construction of that line.   In the lower court much testimony was adduced by both parties to determine the value of the property so taken.   A number of witnesses were examined by the railway company and by the owners of the property with regard to its value, and there was a wide margin of difference in the estimates given by these witnesses.   With the view of establishing the market value of the property in question, witnesses were examined as to the sales of various pieces of real

estate in the neighborhood of that belonging to the defendant in error. Among the properties to which the attention of the witnesses was called was that owned at one time by one Burney. This property was evidently exceptional in character. It was well improved and eligibly located. The record shows that it was sold by Burney to a corporation known as the Union Land Company. A strip of the same property was sold by that company to the Union Railway Company. This strip contained about six acres. One Lemaster, who was connected with the Union Railway Company, and who had estimated, on the witness stand, the property of Mauldin to be worth about $100 per acre, was asked about this sale, and over the objection of the counsel of the Union Railway Company was permitted to say that the land company received as the purchase price of this strip of land $1,000 per acre. Other witnesses introduced by the plaintiff in error to testify as to the value of the Mauldin property were permitted, notwithstanding the objection of the counsel of the railway company, to testify fully as to that sale. A reversal is now asked upon the ground that this testimony was both incompetent and prejudicial.

"Under the facts disclosed, we think it was clearly prejudicial to the rights of the plaintiff in error, and it is equally clear that this testimony should not have gone to the jury. The rule under which evidence of this sort is excluded is thus stated by Mr. Lewis, in his work on Eminent Domain (volume 2, section 447):

Coate v. Terminal Co.

'What the party condemning has paid for other property is incompetent. Such sales are not a fair criterion of value, for the reason that they are in the nature of a compromise. They are affected by an element which does not enter into similar transactions made in the ordinary course of business. One party may force a sale at such a price as may be fixed by the tribunal of law. In most cases the same party must have the particular property, even if it costs more than its true value. The fear of one party or the other to take the risk of legal proceedings ordinarily results in the one party paying more or the other taking less than is considered to be the fair market value of the property.' Supporting this text are *Presbrey* v. *Old Colony, etc., R. R.,* 103 Mass., 1; *Cobb* v. *Boston,* 112 Mass., 181; *Springfield* v. *Schmook,* 68 Mo., 394; *Howard* v. *Providence,* 6 R. I., 514; *Lyon* v. *Hammond, etc., R. R. Co.,* 167 Ill., 527, 47 N. E., 775.

"This rule of exclusion has been applied, in a condemnation proceeding as to a right of way through certain lands, to evidence which the landowner sought to introduce, with a view of showing what another railroad had paid for a right of way through the same land. *Brunswick & Albany R. Co.* v. *McLaren,* 47 Ga., 546.

"Counsel for defendant, in seeking to maintain the competency of this testimony, relies upon *Wyman* v. *Lexington, etc., R. R.,* 13 Metc. (Mass.), 316, and *Langdon* v. *New York,* 133 N. Y., 638, 31 N. E., 98. While

these cases sustain the counsel, yet we think that the sounder view is that expressed by Mr. Lewis in the paragraph quoted from his text, and that it is supported by the great weight of authority.

"It is further said by counsel that the testimony in question was competent, as it was brought out in the cross-examination of the witness of plaintiff in error, and was used for the purpose of throwing discredit upon their testimony as to the value of the property of the defendant in error. The counsel, however, went far beyond this scope, and pressed the testimony on this point into service for the purpose of establishing the value of the property in question. For this error the case must be reversed and remanded."

To the cases cited in the Mauldin opinion as supporting the text of Mr. Lewis we now add *P. R. R. Co.* v. *Zeimer,* 124 Pa., 560, 17 Atl., 187; *Peoria Gaslight Co.* v. *Peoria Terminal Co.,* 146 Ill., 372, 34 N. E., 550, 21 L. R. A., 373; *Howard* v. *Providence,* 6 R. I., 514; *Laing* v. *United N. J. R. & C. Co.,* 54 N. J. Law, 576, 25 Atl., 409, 33 Am. St. Rep., 682; *Streyer* v. *Georgia, etc., R. R. Co.,* 90 Ga., 56, 15 S. E., 637; *Lake Roland Elevated R. R. Co.* v. *Weir,* 86 Md., 273, 37 Atl., 714; *Providence & W. R. R. Co.* v. *Worcester,* 155 Mass., 35, 29 N. E., 56.

The rule stated by Mr. Lewis and applied in these various cases is recognized as a sound one in volume 10 of the American & English Encyclopædia of Law, at page 1156.

The petition for *certiorari* is denied.