## MYERS v. WEINER.

Opinion delivered May 18, 1901.

CONTINGENT REMAINDER—TERMINATION.—A contingent remainder may be good, though limited upon on event that destroys the particular estate which supports it, provided it takes place by a union of the particular estate with the remainder, so as to merge the one in the other. Thus, where a deed to A.'s wife provided that she should hold during her natural life, or so long as she remained the wife or widow of A., and that, in the event of her death without issue of the marriage with A., or in either event of her ceasing to be his wife or widow and no such issue, then the title should vest in A. if living, and if dead in the heirs of his body, and A.'s wife was divorced from him while issue of the marriage was living, the estate, upon such divorce being granted, vested in such issue. (Page 321.)

Appeal from Benton Circuit Court.

EDWARD S. McDANIEL, Judge.

*E. P. Watson,* for appellants.

The rule in Shelley's case applies to and governs this case. 58 Ark. 303. If not, then Mrs. Ames took an estate in fee tail. 67 Ark. 520; Sand. & H. Dig., § 700. A vested or contingent remainder can only operate by way of executory devise. 2 Wash. Real Prop. 541. The contingency in which a remainder is limited must not operate so as to defeat, abridge or determine the particular estate. 1 Greenleaf, Cruise, Dig. 737, § 16; 2 Wash. Real Prop. 582. A remainder cannot be based upon several contingencies, one upon the other. 1 Greenleaf, Cruise, Dig. 734; 2 Wash. Real Prop. 580. A remainder cannot be limited on a condition. 1 Greenleaf, Cruise, Dig. 742; 2 Wash. Real Prop. 26; Tiedeman, Real Prop. § 281; 4 Kent, 128. In order to create a condition, the deed must disclose an intention by the grantor to take the estate to himself upon forfeiture. Tied. Real Prop. § 277; 2 Wash. Real Prop. 25. There can be no forfeiture until all conditions are broken. Tied. Real Prop. § 396. Deeds are construed most strongly against the grantor. 4 Greenleaf, Cruise, Dig. * 273; Tied. Real Prop. § 844. The condition in restraint of marriage was void. Tied. Real Prop. § 275. Only the grantor or his heirs can take advantage of a forfeiture. 2 Wash. Real. Prop. 13-24; Tied. Real Prop. § 277.

*J. A. Rice,* for appellees.

In construction of deeds all parts are construed together. 50 Ark. 378; Martindale, Conveyancing, § 95, 100, 90. Only conditions which are in derogation of law or public policy are void. Martind. Convey. § 125. Mrs. Ames took nothing but a life estate by the deed. 44 Ark. 467; 2 White & T. Lead. Cases, Eq. (4 Am. Ed.), 483; 49 Ark. 125. The rule in Shelley's case is one of construction, not of law, and is not a medium for discovering intention of parties. 67 Ark. 521; 50 Ark. 311; Martindale, Convey. §§ 128, 333, 121.

BUNN, C. J. D. D. Ames, father of Clara Ames, and at the time the husband of Sophrona Myers, purchased of F. M. Seamster and his wife, A. A. Seamster, a certain tract of land for the sum of $250 cash paid, and caused said Seamster and wife to make the following deed, to-wit:

"Know all men by these presents that we, F. M. Seamster and his wife, A. A. Seamster, for and in consideration of the sum of $250 paid us by D. D. Ames, do by these presents grant, bargain, sell and convey unto Sophrona Ames, wife of the said D. D. Ames, and to the heirs of her body, upon conditions and restrictions here-inafter mentioned, the following real estate, situated in Benton county, Arkansas, to-wit: The southeast quarter of the north-east quarter of section (17) seventeen, township (20) twenty north, of range (29) twenty-nine west, containing 40 acres. To have and to hold unto the said Sophrona Ames during her natural life, or so long as she remains the wife or widow of the said D. D. Ames, and in the event of the death of the said Sophrona Ames without issue of the marriage with the said D. D. Ames, or either event of her ceasing to be his wife or widow, and no such issue, then the right, title and interest in said lands shall go to and vest in the said D. D. Ames, if living; if dead, then in the heirs of his body. We hereby covenant that we will warrant and defend the title to said lands against the lawful claims of all persons whom-soever. And I, A. A. Seamster, wife to the said F. M. Seamster, do hereby release and relinquish unto the grantees herein all my right of dower in and to said lands.

"Witness our hands and seals, this the 10th day of June, 1889.
[Signed]
"F. M. SEAMSTER,
"A. A. SEAMSTER."

Another deed of like tenor was executed by and to the same parties for 10 acres of additional lands. After the execution of these deeds, and during the time D. D. Ames and Sophrona Ames were living together as husband and wife, the defendant Clara Ames was born, and was living at the rendition of the decree in this suit, and still is a minor. Subsequent to the birth of Clara, D. D. Ames obtained a decree of divorce from his wife Sophrona, on the ground of desertion, and subsequent to that she inter-married with her present husband and co-plaintiff, J. W. Myers. It thus appears that Sophrona had ceased to be either the wife or the widow of D. D. Ames, and the event had happened upon the happening of which the life estate of Sophrona should terminate. It also appears that Clara, the daughter, was then *in esse,* and, as the remainder-man, was capable of taking at once.

The contention of appellant is that the particular estate could not thus be cut off and determined before the death of Sophrona,

without making the remainder void. Mr. Washburn, in his work on Real Property, states the general rule thus: "Another requisite in the event upon which a contingent remainder may depend is that it must not be such as to abridge the particular estate [in this case the life estate of Sophrona]; for it is of the essence of a remainder that it should wait until the particular estate has had a natural determination, according to the terms of its limitation. The remainder must not, therefore, be in the nature of a condition at common law which may defeat the particular estate; for, first, no one but the grantor in such a case could take advantage of it; and, second, upon his doing so in the only way in which it can be done,—namely, by the making of an entry,—he could thereby regain his original seisin, and defeat the seisin as well as the freehold on which the remainder depended." 2 Washburn, Real Prop. (5th Ed.), pp. 631, 632, paragraph 5.

Such is the general rule, and upon this rule the appellant relies in this case; but the same author in the seventh paragraph of the same volume, on page 633, says: "A remainder may, nevertheless, be good, though limited upon an event that destroys the particular estate which supports it, provided it takes place by a union of the particular estate with the remainder, so as to merge the one in the others;" citing *Goodtitle* v. *Billington,* 2 Douglass, 753, to the text of which there is appended a lengthy note, where this doctrine is set forth as an exception to the general rule.

The point is the only material one in the case, and the decree was in conformity with this exception to the general rule. It must be affirmed, and it is so ordered.