LeSieur v. Spikes.

Opinion delivered March 15, 1915.

1. Estate tail—how created.—A conveyance to "A. and the legal heirs of her body," under Kirby's Digest, §. 735, creates in A. an estate for life with remainder in fee to the heirs of her body living at the time of her death.

2. ESTATE TAIL—GRANT—REVERSION.—B. deeded lands to "A. and the legal heirs of her body." Upon the death of A. the lands passed to the heirs of A.'s body in fee simple, but if A. died without issue living, the lands would revert to the grantor.

3. ESTATE TAIL—GRANT—REVERSION.—The entire estate, except the possibility of a reverter, not a disposable interest passes from the grantor, who deeds lands to "A. and the legal heirs of her body," and the grantor can not thereafter by conveyance defeat the rights of the remaindermen in the lands, and this without regard to whether the fee be considered in abeyance, during the estate of the life tenant, or still held by the original grantor for the purpose only of passing to the remaindermen, upon the termination of the life estate.

4. ESTATE TAIL—DEED OF LIFE TENANT.—Where land is deeded to "A. and the legal heirs of her body," she can convey no interest greater than her life term in the lands, although she attempts to do so before the birth of any child or children.

5. ESTATE TAIL—INTEREST OF REMAINDERMEN—LIMITATIONS—ADVERSE POSSESSION.—The rights of the remaindermen under a deed granting an estate tail does not accrue until the death of the life tenant, and where they were under twenty-one years at the time of the death of the life tenant, they are by the statute allowed three years after coming of full age, in which to begin suit for the recovery of the possession of the lands.

Appeal from Randolph Circuit Court; *John W. Meeks,* Judge; reversed.

### STATEMENT BY THE COURT.

Plaintiffs brought an action of ejectment for certain lands in Randolph County, claiming to be the owners of two-thirds thereof as children and heirs of their mother, Dixie LeSieur, who died in 1900, leaving surviving her, plaintiffs and Ethel Cowdry, her only heirs at law.

Defendant denied that plaintiffs were the heirs of said Dixie LeSieur, and that he was in the unlawful possession of the property, and alleged further that Sarah C. Fisher, who is also grantor of Dixie LeSieur, the mother of plaintiffs, on the 8th day of February, 1882, executed a warranty deed to the land to one Jabez C. Smythe and on the same date Dixie LeSieur executed a quitclaim deed to said Smythe, and that the defendant

claims title to said lands by mesne conveyances from Smythe.

The answer also pleads the statute of limitations and that defendant had made valuable improvements on the land and paid the taxes thereon since February 8, 1882.

The case was tried on the following agreed statement of facts:

1. That Sarah C. Fisher is the common source of claim of title of plaintiffs and defendant herein to the land in controversy.

2. That on the 11th day of March, 1879, the said Sarah C. Fisher deeded said land to ''Dixie LeSieur and the legal heirs of her body,'' the habendum clause in said deed reading as follows, 'To have and to hold the same unto the said Dixie LeSieur and the legal heirs of her body, and in the event that the said Dixie LeSieur should die without leaving any legal heirs of her body surviving her, then in that case the above described property shall revert to the said Sarah C. Fisher, grantor herein, or the legal heirs of her body.''

3. That on the 8th day of February, 1882, the said Sarah C. Fisher executed a warranty deed for said land to one Jabez C. Smythe.

4. That on the same day the said Dixie LeSieur executed a quitclaim deed to the said Jabez C. Smythe for said land.

5. That the defendant, W. R. Spikes claims title to the said land by mesne conveyances from the said Jabez C. Smythe.

6. That Dixie LeSieur died on the . . . . . . day of . . . . . . . . . . . ., 1900, and left surviving her as the only legal heirs of her body these plaintiffs, and one Ethel Cowdry.

7. That the defendant and those under whom he claims title to said land have been in the possession of said land from the 8th day of February, 1882.

8. That the defendant has paid taxes on said land since the death of Dixie LeSieur, amounting to $. . . . . . . . (whatever records show.)

9.  The defendant has been in possession of the said property from the death of the said Dixie LeSieur, and that the rent from the property from the date amounts to: first seven years $42-2/3 a year, and for the last six years, $56 a year, that is, the rental value of a two-thirds interest in same.

10.  That the ages of these plaintiffs are as follows: J. V. LeSieur, is of the age of twenty-two years and Dolph LeSieur is an infant of the age of nineteen years, and that J. W. Shannon is duly and legally authorized to appear as next friend for the infant, Dolph LeSieur.

The cause was submitted to the court without a jury, and it refused all the declarations of law asked by plaintiffs; held that they were barred by the statute of limitations and rendered judgment in favor of the defendant, from which this appeal is prosecuted.

*W. L. Pope,* for appellant.

1.  Appellants rely for their title upon the statute, Kirby's Dig., § 735, and decisions of this court based thereon.   44 Ark. 458; 67 Ark. 517; 95 Ark. 18; 98 Ark. 570; 72 Ark. 336.

While there is some authority for the court's holding that the fee to the land remained in the original grantor, the weight of opinion is decidedly against it.   4 Kent, Com. 258, 260; 78 Ky. 410; 38 L. R. A. 679.

2.  The statute of limitations does not begin to run against a remainderman until the death of the life tenant.   58 Ark. 510; 60 Ark. 70; 69 Ark. 539; 97 Ark. 33.

*S. A. D. Eaton,* for appellee.

1.  The fee to the land remained in Sarah C. Fisher, in the conveyance to Dixie LeSieur.   39 S. W. 525; Williams on Real Property, (4 ed.) 256; Washburn, Real Prop. 560; Tiedeman, Real Prop. 411; 67 Ark. 517; 2 Blackstone, 112; 16 Cyc. 608.   And her deed to Smythe conveyed to him the ultimate fee, or reversion in the land. *Supra;* 2 Blackstone, 175; 16 Cyc. 662.   This estate was subject to the contingency of heirs of the body of Dixie LeSieur; but the deed of the latter to Smythe conveying to him her life estate, caused the life estate and the es-

tate in fee to reunite in the same individual, thereby defeating the contingent remainder. 2 Washburn, Real Prop. 638; Tiedeman, Real Prop. 421; Crabb, Real Prop. 2344; Williams, Real Prop. 270; 16 Cyc. 656.

2. Appellants are barred by the statute of limitations, appellee and his grantors having been in adverse possession of the land for more than seven years prior to the death of Dixie LeSieur, and for more than seven years thereafter. Appellants can not tack their disability of coverture. If the fee passed from Sarah C. Fisher at the time she executed the deed to Mrs. LeSieur, the possession of appellee and his grantors was necessarily adverse. 46 Ark. 438; 25 Cyc. 1270.

Kirby, J., (after stating the facts). The agreed statement of facts shows that Sarah C. Fisher was the common source of title, that she conveyed the lands on March 11, 1879, to Dixie LeSieur, "and the legal heirs of her body;" that she later on February 8, 1882, conveyed the lands by warranty deed to Jabez C. Smythe, defendant's grantor and that plaintiffs mother, Dixie LeSieur on the same date, before they were born also made him a quitclaim deed to the lands. Their mother died in 1900, leaving them surviving two of the three legal heirs of her body, they being of the ages of nineteen and twenty-one years at the beginning of the suit. The defendant, was and had been in possession of the land, the rental value of which was shown since the death of their mother, Dixie LeSieur.

(1) The conveyance from Sarah Fisher to Dixie LeSieur, the mother of appellants, "and the legal heirs of her body" created an estate-tail under the common law, which by our statute and decisions is changed to an estate for life in the grantee, with remainder in fee to the heirs of her body living at the time of her death. Section 735, Kirby's Digest; *Horsley* v. *Hilburn,* 44 Ark. 458; *Wilmans* v. *Robinson,* 67 Ark. 517; *Watson* v. *Wolff-Goldman Realty Co.,* 95 Ark. 23; *Dempsey* v. *Davis,* 98 Ark. 570; *Black* v. *Webb.* 72 Ark. 336.

(2-3) According to these authorities the lands granted to appellants' mother passed to them in remainder

in fee simple upon her death and if she had died without issue living, would have under the course of the common law as well as the terms of the deed, reverted to her grantor. The entire estate except the possibility of reverter, not a disposable interest, passed from Sarah C. Fisher by the conveyance to Dixie LeSieur, the mother of appellants, and said grantor could not thereafter by conveyance defeat the rights of the remaindermen in the lands and this without regard to whether the fee be considered in abeyance, during the estate of the life tenant or still held by the original grantor for the purpose only of passing to the remaindermen upon the termination of the life estate.

(4) The life tenant could not by her conveyance before the birth of her children, appellants, to the second grantee of Sarah C. Fisher, convey more than her interest in the lands which was but an estate for life and terminated upon her death, the remainder in fee immediately vesting in her children surviving at that time and their issue.

(5) The plea of the statute of limitations and adverse possession can not avail against the right of action of appellants, which was not complete and did not accrue until the death of the life tenant. *Moore* v. *Childress,* 58 Ark. 510; *Ogden* v. *Ogden,* 60 Ark. 70; *Morrow* v. *James,* 69 Ark. 539; *Watson* v. *Hardin,* 97 Ark. 33.

At the time of the death of the life tenant the appellants were infants under the age of twenty-one years, and were by the statute allowed three years after coming of full age, in which to begin suit for the recovery of the possession of the lands and this action was begun within said statutory period. Kirby's Digest, § 5056.

It follows that the court erred in its judgment, which should have been for appellants for possession of two-thirds interest in the lands, and damages for three years rental value thereof, less the amount of the taxes paid for that time. The judgment is therefore reversed and the cause remanded with directions to enter judgment in accordance with this opinion.