## BLACK *v.* STEPHENSON.

### Opinion delivered November 3, 1924.

1. DEEDS—CONVEYANCE TO A PERSON'S HEIRS.—Under deed to the
   heirs of a named person to have and to hold unto said heirs,
   naming them, "and unto their heirs and assigns forever" *held*
   that the word "heirs" means "children," and that the deed is not
   void for uncertainty but is valid as a conveyance to the living
   children of the person named.

2. DEEDS—EFFECT OF CONVEYANCE TO HEIRS.—Under a deed to the
   heirs (meaning children) of W. S., the latter was never seized of
   the land, and his residence there with his children did not make
   it his homestead, nor entitle his widow to either dower or home-
   stead in the land.

3. DEEDS—GRANTEES IN ESSE.—A deed to the children of a named person conveyed title only to his children *in esse* at the time the deed is delivered, and not to after-born children.

Appeal from Benton Chancery Court; *Ben F. McMahan,* Chancellor; reversed.

*Rice & Rice,* for appellants.

Where a complaint or answer is insufficient, no amount of proof will warrant a recovery. There is no allegation or proof that Willis Stephenson, Sr., was ever married, nor is there any proof that he was ever seized, two necessary prerequisites of dower. 88 Me. 258; 28 Ark. 19. It is necessary that there should be an actual corporeal seizin in the husband during coverture to entitle the widow to dower. 98 Ark. 118. The right of homestead is a personal privilege, and homestead must be availed of by the claimant as the law prescribes. 70 Ark. 69; 55 Ark. 139; 67 Ark. 232. A resulting trust will not attach in the person paying the purchase money if it was not the intention of either that the estate should vest in him. 27 Ark. 77; 105 Ark. 318; 118 Ark. 146.

*W. O. Young* and *G. T. Sullins,* for appellee.

An agreement is not binding upon the court when it is shown that it is contrary to law. 94 Ark. 578. A deed or grant to a person who does not exist at the time of the grant is void. 141 Wisc. 653; 18 Ann. Cas. 869; 167 S. W. 22; 195 S. W. 673; 79 Ga. 382.

SMITH, J. This appeal presents a controversy between the widow of Willis Stephenson and certain of his heirs over a tract of land in Benton County. Various findings were made by the court, and the respective interests of the parties were adjudged. The court found that the widow of Stephenson was entitled to homestead and dower, and that all the parties took their respective interests subject to these marital rights of the widow. The appeal is from the finding that the widow was entitled to homestead and dower.

The rights of the parties are referable to the following deed, so much of it being copied as is relevant to its proper construction:

"Know all men by these presents:   That we, James Smith and Sophronia Smith, his wife, for and in consideration of the sum of four hundred dollars, to us in hand paid by May, Lelia, Thaddeus ,W., Willis and Annie and the heirs of Willis Stephenson, do hereby grant, bargain and sell unto the said heirs of Willis Stephenson and unto their heirs and assigns forever, the following lands, lying in the county of Benton and State of Arkansas, to-wit (Description by metes and bounds of the lands conveyed, same being 142 acres).

"To have and to hold the same unto the said heirs of the said Willis Stephenson and unto their heirs and assigns forever, with all appurtenances thereunto belonging.

"And we hereby covenant with the said heirs of the said Willis Stephenson that we will forever warrant and defend the title to said lands against all claims whatever.

"And I, Sophronia Smith, wife of the said James Smith, for and in consideration of the said sum of money, do hereby release and relinquish unto the said heirs of the said Willis Stephenson all my right of dower in and to the said lands.

"Witness our hands and seals on this 23rd day of February, 1878.

"JAMES x SMITH,
mark
"SOFRONIA SMITH."

It was the opinion of the court below that the deed was void for uncertainty, in that the grantees were not sufficiently designated, but that, inasmuch as Willis Stephenson had paid the consideration, his children therein named being all infants, and had for many years occupied the land, he had acquired the title by adverse possession.   That, the deed being void for uncertainty, only the grantor could question Stephenson's title. and the grantor was barred by adverse possession.   Upon this finding and the assumption that Stephenson was seized of the land at the time of his death, the court proceeded to adjudge the respective interests of his

heirs, and held that all had taken subject to the rights of his widow to homestead and dower. Stephenson was survived by ten children or the descendants of children, and certain of these heirs had executed to one of the sons a conveyance of their interests, but this son had died, and his interest in the land was apportioned to the other heirs.

We do not set out all these facts which are recited in the decree herein appealed from, as we do not agree with the court below in his construction of the deed. We do not think the deed was void for uncertainty. On the contrary, it is our opinion that the deed was valid as a conveyance to the children of Willis Stephenson who were named in the deed.

It is insisted that, if the deed is not held void for uncertainty, as the court below held, it should be construed as a deed to all the children, or descendants of children, living at the time of the death of Willis Stephenson, which event occurred on May 8, 1911. But we do not concur in that view.

It is true that the undisputed proof shows that Willis Stephenson paid the consideration named in the deed, as his children then living who were named as grantees were infants of tender age; but it is very clear that he did not have the conveyance made to himself.

The *habendum* clause reads as follows: "To have and to hold the same unto the said heirs of the said Willis Stephenson and unto their heirs and assigns forever, with all appurtenances thereunto belonging."

We must look to the preamble or the premises of the deed to determine who the "said heirs of the said Willis Stephenson" were, who, with their heirs and assigns, were to have and to hold the land forever, with all appurtenances thereunto belonging.

These grantees are named in the premises as "May, Lelia, Thaddeus W., Willis and Annie and the heirs of Willis Stephenson." The words, "and the heirs of Willis Stephenson," must be construed as descriptive of

the persons previously named, as if the deed had read, "who are the heirs of Willis Stephenson."

By the use of the word "heirs," children may have been intended; but these children are named, and were persons in being. Certainly, there was a conveyance to May, Lelia, Thaddeus W., Willis and Annie Stephenson, and, if there was in fact an intention that children thereafter born to Willis Stephenson should be included, that intention was ineffective and unavailing, because they were not in being at that time, and a deed to a person not in being is void for uncertainty.

"A deed made of a present estate to a party not living at the time of its execution is void. Where there is a reasonable doubt of either of the parties being *in esse* at the time the deed is delivered, his existence must be shown as an affirmative fact to render the conveyance operative." 1 Devlin on Real Estate (Deeds), 3rd ed., § 123.

But the deed here under review was not void on that account, because it named as grantees the five living children of Willis Stephenson, and the rule in such cases is that the conveyance operates to pass the title to the persons in being, to the exclusion of after-born heirs.

In the case of *Tharp* v. *Yarbrough*, 11 Am. St. 439, a deed was made to the "heirs of Robert A. Tharp," and it was contended that the word "heirs" should be construed as meaning "children." In construing this deed the Supreme Court of Georgia said: "There seems to be no difficulty in reaching the conclusion that the word 'heirs' in this deed did mean 'children;' but did it mean only the three then in existence? or will it extend to those who were born afterwards? We think the judge below ruled correctly. Every deed must have parties. This deed expressly defines who are the parties to it, viz: Cicero A. Tharp of the one part, and the heirs of Robert A. Tharp of the other part. A deed must not only have parties to it, but they must necessarily be in existence at the time of its execution, unless, by its own terms, it provides a beneficial interest for parties yet to

be born.  If Mr. Tharp had conveyed to the heirs, or to the children, of his brother, now born, or who may hereafter be born, it would seem clear the latter would take an interest under the conveyance when they came into life, but he did not so convey.''  See also *Miller* v. *McAlister,* 64 N. E. 254; *Tucker* v. *Tucker,* 78 Ky. 503; *Lillard* v. *Rucker,* 9 Yerger (Tenn.) 64; *Hall* v. *Leonard,* 1 Pickering (Mass.) 27; *Morris* v. *Stephens,* 46 Pa. St. 200; *Baird* v. *Brookin,* 12 L. R. A. 157; *Faloon* v. *Simshauser,* 130 Ill. 649, 22 N. E. 835; *Hogg* v. *Odom,* Dudley's Report (Ga.) 185; *Davis* v. *Hollingsworth,* 84 Am. St. Rep. 233, and note on p. 236; *Hollis* v. *Lawton,* 73 Am. St. Rep. 114, and note on p. 119; *Roberson* v. *Wampler,* 1 L. R. A. (N. S.) 318, and note on p. 319; *Duffield* v. *Duffield,* Ann. Cas. 1916D, 859, and note on p. 864; *City Bank* v. *Plank,* 18 A. & E. Ann. Cas. 869, and note on p. 871; *Tinder* v. *Tinder,* 131 Ind. 381; *Brann* v. *Elzey,* 83 Ky. 440; *Campbell* v. *Everhart,* 52 S. E. 201; *Huss* v. *Stephens,* 51 Pa. St. 282.

It appears therefore that the deed set out above was not void for uncertainty, but was valid as a conveyance to the living children of ¡Willis Stephenson there named, and they therefore took the title to the property conveyed.  This being true, Willis Stephenson was never seized of the land, and his residence there with his children did not make it his homestead.  This being true, his widow did not take either dower or homestead in the land, and the decree of the court below awarding her these estates must be reversed, and the cause will be remanded with directions to the court below to enter a decree denying her those estates.

It follows from what we have said that we do not concur in the decree of the court below adjudging that all the children of Willis Stephenson took title as his heirs, but, inasmuch as there was no appeal from any part of the decree except that awarding homestead and dower to the widow, and no other question is presented for review, we do not disturb that part of the decree.

The CHIEF JUSTICE concurs in the reversal as to allowance of homestead and dower, but holds that the deed included after-born children.

McCULLOCH, C. J. (concurring). The rule that the use of the word "heirs" in a conveyance may be construed to mean "children," when it is obvious that it was so intended by the person who made the conveyance, has been applied in this court to the construction of both testamentary conveyances and deeds. *Wyman* v. *Johnson*, 68 Ark. 369; *Myers* v. *Weiner*, 69 Ark. 319; *Shirey* v. *Clark*, 72 Ark. 539. In the opinion in *Wyman* v. *Johnson, supra,* this court compared the two cases of *Kilgore* v. *Kilgore*, 127 Ind. 276, 26 N. E. 56, and *Shotts* v. *Poe,* 47 Md. 513, in one of which it was held that the language of the devise was sufficient to include after-born children, and in the other it was held that the language was not sufficient to embrace them, and this court followed the latter rule, but distinctly recognized that, if the language was sufficient to indicate an intention to include after-born children, the failure to expressly include them would not defeat that intention.

It has often been held by this court and is, I believe, a rule of universal application, that the whole of an instrument is to be construed in determining the meaning of the language used, and that effect should be given to all of the language used if possible to do so. Now, the effect of the construction placed by the majority upon the deed of conveyance before us for consideration excludes entirely the words "and the heirs of Willis Stephenson," for, if the conveyance is limited to the four children named, then no effect whatever is given to the words quoted above. It is clear, from a consideration of this language, that the grantor meant to include other persons than those specifically named, and, as he mentioned all of the children of Willis Stephenson then in being, it was necessarily intended to include after-born children. The fact that the four children then in being were named shows that the other language referred to heirs or children other than named.