## KELLY *v.* KELLY.

### Opinion delivered March 5, 1928.

1. WILLS—INTENTION OF TESTATOR.—The cardinal rule in construing a will is to ascertain and declare the intention of the testator to be gained from reading the entire will and construing it to give effect to each clause and provision therein, if this can be done.

2. WILLS—TERM "CHILDREN" CONSTRUED.—Primarily, the term "children" is a word of purchase and not of limitation, and for that reason cannot be construed as equivalent of the words "heirs" or "heirs of the body," unless the context of the will shows that the testator intended to use the term in the sense of heirs.

3. WILLS—CONSTRUCTION.—Under a will devising a city block to the testator's son Tom and his children, providing that "the property is not to be mortgaged or sold during the lifetime of my son, Tom, or his children, but is to be kept as a home for the Kelly family," *held* the son and the children were vested with equal estates, the first clause therein vesting a fee simple to devisees and the last clause thereof being in the nature of direction not to sell or mortgage the land during life.

Appeal from Monroe Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*Joe P. Melton,* for appellant.

*Bogle & Sharp,* for appellee.

HUMPHREYS, J. This appeal involves the construction of the first devising paragraph of the will of Bridget Kelly, the mother of appellee, and grandmother of appellants. Appellee brought this suit against the appellants

for a partition of the land, under the theory that the fee simple title was devised to him and his children jointly by the provisions of said paragraph.

Appellants maintain that a life estate only in said real estate was devised to appellee, and that the remainder in fee was devised to them by the paragraph of the will in question. The paragraph of the will is as follows:

"All the property in block twenty-seven in the city of Brinkley, Monroe County, Arkansas, known as the Kelly Hotel, I give and bequeath to my son Tom and his children. The property is not to be mortgaged or sold during the lifetime of my son Tom or his children's, but is to be kept as a home for the Kelly family."

This court announced the following rule with reference to the construction of wills in the case of *Finch* v. *Hunter,* 148 Ark. 486, 230 S. W. 554.

"The cardinal rule in construing a will is to ascertain and declare the intention of the testator. That intention is to be gained from reading the entire will and construing it so as to give effect to every clause and provision therein, if this can be done."

The other parts of the will throw no light whatever upon the intention of the testator with reference to the kind of estate she intended to vest at her death in appellants and appellee under the paragraph in question. For that reason we have not incorporated in this opinion the remaining paragraphs of the will. The intent therefore of the testator must be ascertained, if possible, from the language employed in the paragraph in question. Appellants argue that the terms "children" used in the first clause of the paragraph meant "heirs of the body," and was an effort to create an estate tail, which, under our statute, would vest a life estate in appellee with remainder in fee to appellant.

Primarily the term "children" is a word of purchase and not one of limitation, and for that reason can-

not be construed as the equivalent of the word "heirs" or "heirs of the body," unless there is something in the context showing that the testator intended to use the term in the sense of heirs. "Children" is a broader term than the word "heirs," and may include adopted children as well as children of one's body. There is nothing in the first clause of the paragraph restricting the use of the term "children" to heirs of the body of Tom, the testator's son. The plain meaning of the language used in the first clause is that the father and children should be vested with equal estates. The first clause must be construed as vesting a fee simple title to the land in all the devisees mentioned in the paragraph, unless there is something in the additional or last clause indicating otherwise. The last clause is an attempt to abridge the right of the devisees to sell or incumber the property. If the limitation attempted to prevent the sale or incumbrance thereof during the lifetime of appellee only, it might be argued with much effect that the testator only intended to vest a life estate thereto in appellee, with the remainder in fee to his children. In other words, that the testator used the term children as the equivalent of the word heirs; but the force of the argument is lost when it is observed that the attempted limitation for or abridgment of the right to sell or incumber the property holds throughout the life of the children also. Certainly the testator did not intend to limit the interest of appellants to a life estate by an attempted restriction against the sale and incumbrance of the land under the last clause of the paragraph. If we interpret the last clause as limiting the estate vested by the first clause in appellee to a life estate, the construction necessarily limits appellants' estate to a life estate also. The last clause does not purport to bequeath either a life or fee simple estate to any of the devisees. It is in the nature of a direction to the devisees not to sell or mortgage the land during their life, but to reside upon it as a home, rather than an attempt to vest any kind of an estate in them to the land. The first clause in unambiguous and definite language

vested a fee simple title in the devisees upon the death of the testator.

It follows. that the decree partitioning the land between the devisees in equal shares is correct, and must be and is affirmed.