DAVIS *v.* DAVIS.

4-9610                                          243 S. W. 2d 739

Opinion delivered December 3, 1951.

*Bedwell & Bedwell,* for appellant.

*J. M. Smallwood* and *George O. Patterson,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the widow and the adopted son of Homer Davis, Sr., to establish their interest in certain land in Johnson County. The chancellor dismissed the complaint for want of equity.

All the facts are stipulated. Both the appellants and the appellees trace their claims of title back to R. S. Davis, who was the father of Homer Davis, Sr. In 1922 R. S. Davis divided this and other land among his seven children by conveying it to them for their lives and then to their bodily heirs. The effect of this deed is to convey a separate tract to each child, and the land now in controversy is that so conveyed to Homer Davis, Sr., for life and then to the heirs of his body. R. S. Davis died intestate in 1934. His son, Homer Davis, Sr., had no children of his own, but in 1942 he adopted Homer Davis, Jr., the principal appellant. After Homer, Sr., died intestate in 1947, his widow and adopted son brought this suit. The defendants are the living brothers and sisters of Homer Davis, Sr., and the bodily heirs of those who are dead.

Homer, Jr., first contends that our present adoption statute, Ark. Stats. 1947, Title 56, and the statutes which preceded it, had the effect of making an adopted child a bodily heir of his adoptive parents. We are unable to accept this view. It is true that § 56-109 provides in substance that an adopted child shall have the same rights of inheritance as a natural child. But on this phase of the case the question is not one of inheritance. Instead, it is whether Homer, Jr., by reason of his adoption, became a grantee in the deed to Homer, Sr., and the heirs of his body. In other words, when R. S. Davis chose the phrase "heirs of the body," did he intend to include adopted children? We think it plain that he did not. Terms such as bodily heirs, issue, etc., have long been defined in the law, and the definition does not include adopted children. Rest., Property, § 265. A foster child, being a stranger to the blood, is the antithesis of an heir of the body. Regardless of the effect of the adoption laws upon the right of an adopted child to inherit from his foster parents, these laws were not intended to modify

the established meaning of terms used in deeds executed by third persons.

In the alternative Homer, Jr., contends that he inherited an undivided one-seventh interest in the property upon the death of Homer, Sr. In this contention he is correct. A reversionary interest remained in R. S. Davis when he conveyed this land to Homer Davis, Sr., for life and then to his bodily heirs. *Dempsey* v. *Davis,* 98 Ark. 570, 136 S. W. 975; Rest., Property, § 154; Simes, Future Interests, § 44. It is appropriate to point out that in *LeSieur* v. *Spikes,* 117 Ark. 366, 175 S. W. 413, we inadvertently remarked that such an interest is a possibility of reverter (instead of a reversion) and that it is not disposable.

Such a reversionary interest may pass by inheritance. Simes, *supra,* § 723; Core, "Transmissibility of Certain Contingent Future Interests," 5 Ark. L. Rev. 111, 121. Hence upon the death of R. S. Davis the reversion descended to his seven children, and in like manner upon the death of Homer, Sr., his one-seventh interest passed to Homer, Jr., who inherited from his adoptive father by reason of the adoption statute. Since the reversion became a fee simple estate upon the death of Homer, Sr., without bodily heirs the chancellor erred in failing to grant the alternative relief prayed by Homer, Jr.

The other appellant, the widow of Homer, Sr., seeks dower in this one-seventh interest in the land. This claim must be denied for the reason that the reversion was not a possessory estate during the life of Homer, Sr. Even the holder of a vested reversion or remainder is not seized of an estate in possession, and consequently his widow is not entitled to dower if his death occurs before the termination of the preceding life estate. *McGuire* v. *Cook,* 98 Ark. 118, 135 S. W. 840; *Field* v. *Tyner,* 163 Ark. 373, 261 S. W. 35. Here the reversionary interest of Homer Davis, Sr., could not have become a possessory estate until his own death without heirs of his body; so it was impossible for him to acquire seizin during his lifetime.

Reversed and remanded for the entry of a decree in accordance with this opinion.

HOLT, J., dissenting. I cannot agree with the majority view in this case.

Our present adoption statutes [Ark. Stats. 1947, §§ 56-101 - 56-109, *et seq.*] and those preceding, have clearly, in my opinion, made an adopted child the same as the bodily heir of adopting parents. In the present case, the adoption law in effect at the time R. S. Davis (father of Homer G. Davis, Sr., the adopting parent of Homer G. Davis, Jr.) executed the deed here, provided: "The Court shall make an order that such child be adopted, and from and after the adoption of such child it shall take the name in which it is adopted, and be entitled to and receive all the rights and interest in the estate of such adopted father or mother by descent or otherwise, that such child would do if the natural heir of such adopted father or mother," (then C. & M. Digest, § 254).

The adoption law in effect at the time Homer G. Davis, Sr. adopted Homer, Jr. was § 262, Pope's Digest, par. 3, (Act 137 of 1935) and provided: "The child shall be invested with every legal right, privilege, obligation, and relation in respect to education, maintenance, and the right of inheritance to real estate or the distribution of personal estate on the death of the adopting parents as if *born to them in legal wedlock.*"

The adoption law in effect now, and when Homer G. Davis, Sr. died, appears as § 56-109, *supra*, and provides: "The person adopted shall have every legal right, privilege, and obligation and relation in respect to education, maintenance, and the rights of inheritance to real estate or the distribution of personal estate on the death of the adopting parents as if *born to them in legal wedlock.*"

It seems obvious to me that the clear intent of the lawmakers by the above legislation was to eliminate completely any possible distinction between legally adopted, and natural children. The last two statutes, above, use the identical words in making an adopted child the same as a natural child, "born to them in legal wedlock." How

could legislative intent be made plainer. There was no provision in the deed here specifically denying the adopted Homer, Jr. the right to inherit from his adopted father as a natural child.

Our decisions following the above legislation, I think, clearly sustained my views. In *Grimes* v. *Jones,* 193 Ark. 858, 103 S. W. 2d 359, we held: (Headnote 4) "A child adopted in 1911 which was three years after the adopting parents had made a will stands in the position of a natular child born subsequent to the execution of a will and, under the statutes, inherits accordingly. Crawford & Moses' Dig., §§ 254, 10506 and 10507.'' (Ark. Stats. 1947, § 60-119 and § 60-120), and in *Sanders* v. *Taylor,* 193 Ark. 1095, 104 S. W. 2d 797, we said: "We think that the effect of our late decisions, previous to the passage of Act No. 137, *supra,* places the legal status of adopted children exactly as those born in wedlock. Both classes are to be deemed children within the spirit and meaning of our law, but on this question there can now be no doubt. Act No. 137, *supra,* provides (by § 8) that the child adopted * * * 'shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the right of inheritance to real estate, or the distribution of personal estate on the death of the adopting parents as if born to them in legal wedlock.' In the recent case of *Grimes* v. *Jones,* 193 Ark. 858, 103 S. W. 2d 359, we had occasion to construc the statute relating to the execution of wills with reference to the rights of an adopted child. The statute provided that where a child is born to the testator after the making of a will and shall die leaving such child unprovided for in any settlement or in the will and unmentioned therein, the child shall succeed to that portion of the testator's estate to which it would have been entitled under the law regardless of the will. We there said, in substance, that where a testator, subsequent to the execution of a will adopts a child which is not provided for by settlement or mentioned in the will, such child is entitled to inherit as a natural child. Under the plain provisions of Act No. 137, *supra,* and the authority of *Grimes* v. *Jones, supra,* the trial court correctly declared

the law to be that adopted children are in the same class as natural children.''

So we have positively proclaimed in language that needs no judicial construction that the legal status of adopted children shall be ''exactly'' the same as those born in wedlock. Why, now, in effect, attempt to place an entirely different meaning on what we have said.

I would reverse and hold that Homer, Jr. here is in the identical position as a natural child or bodily heir and should take under the deed here involved accordingly.