SIDNEY MARVIN BILSKY *v.* BEVERLY BILSKY AND MALCOLM BILSKY

5-5149 455 S. W. 2d 901

Opinion delivered June 15, 1970
[Rehearing denied August 3, 1970.]

*Sam S. Cole, Jr.,* for appellant.

*Eugene Harris* and *William C. Bridgeforth,* for appellees and cross appellant.

A. F. HOUSE, Special Chief Justice. A trust was created by the Will of William Bilsky, deceased. The Trustee in Succession of the trust filed a Petition in the Probate Court of Jefferson County asking that the trust provisions be construed with respect to the present and future rights of all interested persons. The provisions which are pertinent here are contained in a single paragraph of the Will. For convenience in reference we have divided that paragraph into five numbered paragraphs and, as rearranged, it reads as follows:

(1) When my son, Sydney Bilsky, will have attained the age of twenty-five years, the trust insofar as the same related to my said son, Sydney Bilsky, shall forthwith terminate and two-thirds of the trust estate then held by the Trustee shall be promptly transferred and delivered to him, the trust in all other respects to remain in force and effect for the benefit of my sons, Zecil Bilsky and Malcolm Bilsky, until the death of my son, Malcolm Bilsky, whereupon, if the said Zecil Bilsky survives Malcolm Bilsky, the trust estate then in the hands of the Trustee shall be transferred and delivered to the said Zecil Bilsky.

(2) Should my son Sydney Bilsky, die without issue before attaining the age of twenty-five years, then, and in that event, the trust estate shall be held for the benefit of Zecil and Malcolm Bilsky, each of whom shall participate in the rents, profits

and income as the Trustee in his discretion may prescribe.

(3) Should my son, Zecil Bilsky, die without issue before the termination of the trust and the said Sydney Bilsky survive him until he will have attained the age of twenty-five years, then, and in that event, the said trust estate then held by the Trustee shall be promptly transferred and delivered to the said Sydney Bilsky.

(4) In the event my son, Sydney Bilsky, shall die before he attains the age of twenty-five years, but shall be survived by issue, then my said Trustee, or his successor, shall hold the trust estate for the benefit of such issue, together with Zecil and Malcolm Bilsky.

(5) In that event, too, the trust shall, terminate upon the death of Malcolm Bilsky, and two-thirds of the trust estate shall thereupon be-delivered to the children of the said Sydney Bilsky, and one-third to Zecil Bilsky, if he survives; otherwise all of the trust estate shall be transferred and delivered to the children of Sydney Bilsky in fee simple and absolutely.

The Will was executed in 1955. William Bilsky died in 1959. He was survived by three sons, Zecil, Malcolm and Sydney. The first two were born during testator's first marriage. Sydney was born during testator's second marriage. Malcolm, an incompetent, has been confined in an institution for many years. As shown by the trust provisions, two thirds in value of the trust assets were to be delivered to Sydney when he reached the age of twenty-five. He reached the age of twenty-five some time ago and duly received that portion. William Bilsky also created an insurance trust for Malcolm, not involved here, and in that trust Sydney was designated as the residuary beneficiary.

In 1952, Zecil and his wife adopted, in Illinois,

an infant daughter, Beverly Rose. The testimony indicates that the testator was very fond of Beverly, gave her presents, and obtained an educational life insurance policy for her. Zecil died in 1966 and left surviving him his wife and Beverly.

After the Trustee in succession filed the Petition for construction of the trust provisions of the Will, Sydney intervened asserting that the trust terminated on the death of Zecil, and that he was entitled to have the remaining assets distributed to him. A guardian ad litem was appointed to protect the rights of Malcolm. Beverly appeared by her mother and next friend, Ruth Bilsky, and contended that the trust would not terminate until the death of Malcolm; she was entitled to a portion of the current income; in making advances to Malcolm the Trustee could not encroach on the corpus, and on termination all of the trust properties should be distributed to her.

Based on the findings made by the Probate Judge, a judgment was entered construing the Will as follows: Malcolm is entitled to all the trust income; the trustee may encroach on the corpus for Malcolm's maintenance if absolutely necessary; the word "issue" as used in paragraph (3) includes Beverly, and on the death of Malcolm she will be entitled to receive all the trust properties. From such judgment Sydney appealed and Beverly cross-appealed.

It is to be observed that Paragraphs (2), (4) and (5) were conditioned on events which never occurred. Paragraph (2) would have become effective only if Sydney had died without issue before reaching the age of twenty-five, and Paragraphs (4) and (5) would have become effective only if Sydney had died before reaching that age and was survived by issue. As stated above, Sydney did not die before reaching the age of twenty-five.

Paragraphs (1) and (3) deal specifically with events that did occur. Sydney reached the age of twenty-five

and received two-thirds of the trust estate, and at that point there arose two alternative contingencies: First, under the second clause of Paragraph (1), if Zecil survived Malcolm then Zecil would receive the remaining one-third of the trust estate, which, of course, would ternimate the trust. Secondly, under Paragraph (3), if Zecil died without issue (before Malcolm's death) then the remaining one-third of the trust estate would go to Sydney, which also would terminate the trust.

We are of the opinion that the appellant is right in his insistence that inasmuch as the event made a condition to the effectiveness of Paragraph (3) did occur, the trust terminated on the death of Zecil, and Sydney is entitled to receive the remaining one-third of the trust estate.

The appellee, Beverly, contends, however, that Paragraph (3) is not controlling because Zecil did not die "without issue". Her reasoning is that the word "children" includes an adopted child; that the testator used the words "issue" and "children" interchangeably in his Will, and that, therefore, the word "issue" must be construed to include an adopted child.

We do not find such reasoning persuasive. "Issue" is a technical term of well understood meaning in the law. As such it will ordinarily be given its technical meaning. *Crittenden* v. *Lytle*, 221 Ark. 302, 253 S. W. 2d, 361 (1952). In a somewhat similar case we have held that the words "heirs of the body" do not include adopted children. *Davis* v. *Davis*, 219 Ark. 623, 243 S. W. 2d, 739 (1951). In that case we said, "Terms such as bodily heirs, issue, etc. have long been defined in the law, and the definition does not include adopted children. *Rest. Property*, Sec. 265. A foster child being a stranger to the blood is the antithesis of an heir of the body."

The Probate Judge, in concluding that an adopted daughter is included in the term "issue" seems to have attached much weight to the testimony showing

the testator's affection for Beverly after she ·became a member of Zecil's family. We find nothing in the Will that even faintly suggests an intention on the part · of the testator to make Beverly a beneficiary of the trust, and extrinsic evidence concerning the testator's fondness for her cannot supply the missing requisite.

In· view of our ruling with respect to Paragraph (3), all questions concerning apportionment of income and the right of the Trustee in Succession to encroach on the corpus of the trust for the maintenance of Malcolm have become moot.

The judgment is reversed and the case is remanded with directions to order a termination of the trust and a distribution of all of its assets to appellant Sydney Bilsky.

HARRIS, C. J., not participating