Hazel SPENCE *v.* Don SPENCE et al

80-242                                    610 S.W. 2d 264
Supreme Court of Arkansas
Opinion delivered January 19, 1981

*Mattingly & Alexander, P.A.*, by: *Lesly W. Mattingly*, for appellant.

*Charles A. Walls, Jr.*, for appellees.

RICHARD B. ADKISSON, Chief Justice. This case involves the construction of a will in which certain land was devised "to my son-in-law Hayward Spence and my daughter Donnie Spence and her bodily heirs." The appellees are the sole bodily heirs of Donnie Spence by her husband, Hayward Spence.

Following the probate of this will and Donnie Spence's death, Hayward married Hazel Spence and quitclaimed to her his interest in the land. Appellees filed a quiet title action in Lonoke County Chancery Court against Hazel Spence, appellant to cancel this quitclaim deed.

The primary question presented is what estates were created by the testator's language. First, an estate by the entirety was created by the devise to the parties who were, in fact, husband and wife. *Curtis* v. *Patrick*, 237 Ark. 124, 371 S.W. 2d 622 (1963). This arises from the common law unity of husband and wife, and it applies to an estate in fee as well as for life. *Roach* v. *Richardson*, 84 Ark. 37, 104 S.W. 538 (1907); *Harmon* v. *Thompson*, 223 Ark. 10, 263 S.W. 2d 903 (1954). Second, a fee tail estate is created by a devise to Donnie and Hayward Spence which singles out "her bodily heirs." *Horsley* v. *Hilburn*, 44 Ark. 458 (1884); *Weatherly* v. *Purcell*, 217 Ark. 908, 234 S.W. 2d 32 (1950). Third, under such circumstances, Ark. Stat. Ann. § 50-405 (Repl. 1971) establishes a life estate in the person seized of the fee tail with a remainder in fee to whom the estate tail would first pass at common law. Therefore, Hayward and Donnie Spence took an estate by the entirety for life with the remainder vesting in the heirs of Donnie Spence in fee simple absolute.

We need not concern ourselves with appellant's contention that the trial court erred by admitting into evidence oral declarations of the testator made before and after the execution of the will. The chancellor clearly ignored such testimony in finding the testator's intent, as reflected in the judgment which states that such intent was found "from the will itself." This complies with our well-established rule that the testator's intent should be derived from the "four corners of the will," when possible. *Armstrong* v. *Butler*, 262 Ark. 31, 553 S.W. 2d 453 (1977).

Affirmed.