Alvalu SIDES *v.* Linda BEENE, Margie Melhorne, Trecora Hagy, Jim Hagy, Mollie Hagy, Melody Hagy, Beth Welshans, Bradley Welshans, Catherine Welshans Cantor, Cindy Welshans, Vanessa Welshans, & Wilson Welshans

96-1020                                          938 S.W.2d 840

Supreme Court of Arkansas
Opinion delivered February 24, 1997

*Stephen K. Wood, P.A.*, by: *Stephen K. Wood*, for appellant.

*Sloan, Rubens & Peeples*, by: *Kent J. Rubens* and *Fletcher Long, Jr.*, for appellees.

ANNABELLE CLINTON IMBER, Justice. This case involves the construction of a deed, and whether the appellant, an adopted child, was properly excluded from the remainder interest created by the deed. The trial court held that the language in the deed conveying property to the grantee for life, and then to the legal heirs of her body who survived her, created an estate tail, and further held that title to the property reverted to the grantors' estate. We find no error and affirm.

On February 24, 1930, T.P. Johnson and Arkie Johnson executed a deed conveying their interest in 160 acres of land located in Crittenden County to their daughter, Lucy Faye Thompson. The granting clause of this deed provided as follows:

> I do hereby grant, bargain, sell and convey unto the said Lucy Faye Thompson and the legal heirs of her body, and in the event the said Lucy Faye Thompson should die without leaving any legal heirs of her body surviving her, then in that case the hereinafter described property shall revert to the said T.P. Johnson the grantor herein. . . .

T.P. and Arkie Johnson also had two other children, Hazel Welshans and Bernard Paul. Lucy Faye died on October 29, 1993, and was survived by her adopted daughter, the appellant, Alvalu Sides. Lucy Faye did not have any natural children and adopted Sides in March of 1956.

The appellees are all descendants of Hazel Welshans and Bernard Paul. Hazel Welshans had six surviving grandchildren: Beth Welshans, Bradley Welshans, Wilson Welshans, Vanessa Welshans, Cindy Welshans, and Catherine Welshans Cantor. Bernard Paul was survived by three children: Linda Beene, Margie Melhorne, and Tecora Hagy; and three grandchildren: Jim Hagy, Mollie Hagy, and Melody Hagy.

On February 3, 1994, Linda Beene and others filed an action in Crittenden County Circuit Court to quiet title in the 160 acres. The case was removed to chancery court, where Sides brought a cross-claim and moved for summary judgment. She argued that she owned the land in fee simple as a bodily heir of Lucy Faye Thompson. The trial court found that the deed "created an estate tail in Lucy Faye Thompson with possibility of reverter[1] to the estate of T.P. Johnson and Arkie Johnson in the event Lucy Faye Thompson was not survived by legal heirs of her body." The trial court further concluded that title to the property did in fact revert to the grantors' estate, and the property was divided accordingly. Sides received a one-third interest in the land under the trial court's pro rata distribution.

---

[1] Though not in any way an issue in this appeal, the trial court's characterization of the grantors' interest as a "possibility of reverter" is technically a misnomer. A possibility of reverter is the grantor's future interest created following a fee simple determinable. This court has characterized the grantor's future interest following a fee tail as a "divestible reversion." *See Fletcher v. Hurdle*, 259 Ark. 640, 536 S.W.2d 109 (1976).

Sides now brings the present appeal. Her sole point on appeal is that the trial court erroneously determined that she was not an "heir of the body" in construing the deed.

In interpreting a deed, this court gives primary consideration to the intent of the grantor. *Wilson v. Brown*, 320 Ark. 240, 897 S.W.2d 546 (1995); *Bennett v. Henderson*, 281 Ark. 222, 663 S.W.2d 180 (1984). The intent of the grantor is gathered solely from the language of the deed unless the language of the instrument is ambiguous, uncertain, or doubtful. *Id.* In the present case, the critical language is the meaning of the phrase "unto the said Lucy Faye Thompson and the legal heirs of her body."

Sides relies on provisions contained in the Revised Uniform Adoption Act, Ark. Code Ann. § 9-9-201 to -224, to argue that she is solely entitled to the land in question. Specifically, she cites Ark. Code Ann. § 9-9-215(a)(2) (Repl. 1995), which provides that a final decree of adoption creates a parent–child relationship "as if the adopted individual were a legitimate blood descendant. . . for all purposes including inheritance and applicability of statutes, documents, and instruments, whether executed before or after the adoption is decreed, which do not expressly exclude an adopted individual from their operation or effect."

The Act clearly treats adopted persons as blood descendants for "all purposes." However, the Act allows documents or instruments to expressly exclude an adopted individual from their operation. In the present case, the relevant inquiry is whether the deed's granting language, "unto the said Lucy Faye Thompson and the legal heirs of her body," expressly excluded adopted individuals from taking under the deed.

At common law, a deed which granted real property and utilized granting language such as "to A and her bodily heirs" or similar language had a technical definition. More precisely, such language created a fee tail. *See Spence v. Spence*, 271 Ark. 697, 610 S.W.2d 264 (1981); *Weatherly v. Purcell*, 217 Ark. 908, 234 S.W.2d 32 (1950). Thus, a conveyance to "A and her bodily heirs" would create a life estate in A, then subsequent life estates in

the surviving lineal descendants of A.[2] Traditionally, this court has excluded adopted individuals from the class of "bodily heirs" in construing a fee tail.

Illustrative of this principle is *Davis v. Davis,* 219 Ark. 623, 243 S.W.2d 739 (1951), where a deed conveyed real property to the grantor's children for their lives and "then to their bodily heirs." The grantor died intestate, leaving a child who eventually died without natural children of his own, but was survived by an adopted son.

The *Davis* court concluded that the adopted son was not a "bodily heir" of his father. The court was not swayed by Ark. Stat. Ann. § 56-109 (1949) (repealed 1977), which provided that a legally adopted person shall not be barred from inheriting property from his parents or other kin. The court distinguished this statute, stating that "the question is not one of inheritance." The court explained:

> Terms such as bodily heirs, issue, etc., have long been defined in the law, and the definition does not include adopted children. (Citation omitted.) A foster child, being a stranger to the blood, is the antithesis of an heir of the body.

*Id. See also Cox. v. Whitten,* 288 Ark. 318, 704 S.W.2d 628 (1986) (will executed in 1951 that left life estate to siblings and remainder to their "children" did not give adopted adult a remainder interest); *Bilsky v. Bilsky,* 248 Ark. 1060, 455 S.W.2d 901 (1970) (in interpreting "issue" used in a will executed in 1955, court observed that "[t]erms such as bodily heirs, issue, etc. have long been defined in the law, and the definition does not include adopted children"). Thus, the *Davis* court concluded that the adoption–inheritance laws were not intended to modify the established meaning of terms used in deeds.

The holding in *Davis* was certainly consistent with the general common law rule that excluded adopted individuals from tak-

---

[2] It should be noted that Arkansas has abolished the common law fee tail by statute. Ark. Code Ann. § 18-12-301 (1987). Under this statute, "to A and her bodily heirs" creates a life estate in A, and any surviving bodily heirs would have a remainder in fee simple absolute. *See also Pickens v. Black,* 318 Ark. 474, 885 S.W.2d 872 (1994).

ing as "heirs of the body." *See* Restatement (First) of Property § 306 (1940) (interpreting meaning of words "heirs of the body" and similar words). Comment g to section 306 explains in part:

> An adopted child of the designated ancestor is not an heir of his body. Thus, unless a contrary intent of the conveyor is found from additional language or circumstances, an adopted child is not included in a limitation to the "heirs of the body" of a designated person.

*Id.*

The "effect of adoption" provision contained in the Revised Uniform Adoption Act is distinguishable from the provision considered in *Davis.* Unlike former Ark. Stat. Ann. § 56-109, Ark. Code Ann. § 9-9-215 does not limit its effect to mere inheritance. Instead, Ark. Code Ann. § 9-9-215 makes it plain that it is applicable for all purposes, including inheritance *and* applicability of documents and instruments. The Commissioner's Note to Ark. Code Ann. § 9-9-215 further provides:

> [T]he section is intended to make any use of the word 'child' or other similar designation such as 'issue' in an instrument include an adopted child unless the instrument expressly provides to the contrary.

Clearly, the modern trend is to treat adopted and natural children equally. *See generally*, Jan Ellen Rein, *Relatives by Blood, Adoption, and Association: Who Should Get What and Why*, 37 Vand. L. Rev. 711 (1984). Arkansas's enactment of the Revised Uniform Adoption Act evinces an intent to follow this trend. Nonetheless, the Act allows for a grantor to expressly exclude adopted children. There is no doubt that in 1930 when the deed in question was executed the rule of property of this State was to the effect that an adopted person would not qualify as an heir of the body of an adopting parent. *See Davis, supra.* The parties to that conveyance had a right to rely upon the law as it was at that time. *See Abrego v. United Peoples Fed. Sav. & Loan*, 281 Ark. 308, 664 S.W.2d 858 (1984); *Warren v. Warren*, 273 Ark. 528, 623 S.W.2d 813 (1981). Thus, we find that the granting clause in the 1930 deed, "unto the said Lucy Faye Thompson and the legal heirs of her body" expressly excluded adopted children from the remain-

der interest. We do not reach the question of whether the result would be the same with respect to a conveyance executed after the enactment of Ark. Code Ann. § 9-9-215.

Affirmed.