Doyle Edward BROWN *v.* Betty Carlene Brown JOHNSON
and Marion E. Johnson, *Her Husband*

CA 02-606                                              97 S.W.3d 924

Court of Appeals of Arkansas
Division IV
Opinion delivered February 19, 2003

*Hall Law Offices*, by: *W. Q. Hall*, for appellant.

*Chris Lisle Law Firm, P.A.*, by: *Chris Lisle*, for appellee.

JOSEPHINE LINKER HART, Judge. Our issue here is whether the trial court properly interpreted a deed as excluding appellant, Doyle Brown, who is an adopted child, from the remainder interest created by the deed. The facts were stipulated by the parties. In 1945, Charley King and L.C. King, as husband and wife, conveyed certain land in Madison County to their daughter and son-in-law, Thelma Brown and Carl Brown. The deed's granting clause granted the property "unto Carl Brown and Thelma Brown and unto Thelma Brown's heirs by Carl Brown and unto their heirs and assigns forever. . . ." The habendum clause provided, "To have and to hold the same unto the said Carl Brown and Thelma Brown and unto their heirs and

assigns forever. . . ." At the time of the conveyance, Thelma and Carl Brown had one child, appellee Betty Brown Johnson,[1] who was eleven. Appellant, who was born in 1955, was adopted by Thelma and Carl Brown at some time between 1956 and May 1962. In March 1979, Thelma Brown and Carl Brown conveyed the property to appellee, their daughter, by warranty deed. Carl Brown died in May 1979. In 1996, appellee conveyed a portion of the property to the Arkansas State Highway Commission for a consideration of $40,370. Appellee also sold timber, rock, gravel, and dirt from the property. Thelma Brown died in October 1999.

Appellant filed this action in equity seeking to be declared entitled to an undivided one-half (½) interest in the property, claiming that, under the terms of the deed, he had, as a child of Carl and Thelma Brown, a remainder interest in the property. The complaint also sought partition of the property, division of the proceeds of the partition sale, and an accounting for monies received from the sale of the property and the sale of the timber, dirt, and minerals. Appellee answered, denying the factual allegations and asserting the affirmative defenses of estoppel, laches, waiver, and, by amendment on the day of trial, statute of limitations.

The trial court first found that appellant had proven that he was adopted. Next, the trial court, citing *Steele v. Robinson*, 221 Ark. 58, 251 S.W.2d 1001 (1952), which held that language similar to the language "unto Thelma Brown's heirs by Carl Brown and unto their heirs and assigns forever" created a vested remainder in the heirs subject to open, concluded that the language of the deed did not create a fee tail. The trial court also held that the above language unambiguously evidenced an intent on the part of the grantors to exclude adopted children from the class of remaindermen. Further, the court concluded that, even if the deed was ambiguous, extrinsic evidence supported the court's interpreta-

---

[1] Betty Johnson's husband Marion Johnson was made a party to this action. We refer only to Betty Johnson as the appellee.

tion. Judgment was entered dismissing appellant's complaint, and this appeal followed.

In two separate points, appellant argues that the trial court erred in construing the deed to exclude him, as an adopted child, from the class of remaindermen. First, he argues that the trial court erred in interpreting the language of the deed to mean that the grantors intended to exclude adopted children. Second, he argues that the trial court erred in ignoring the adoption statutes, which provided that an adopted child is to be treated for all purposes as a legitimate blood descendent of his adoptive parents. Appellee cross-appeals, contending that the trial court erred in finding that appellant had proven by clear and convincing evidence that he was the adopted child of Thelma and Carl Brown.

■ As an equity case, our review is *de novo*. Our courts have been precise in stating what *de novo* review entails:

> Equity cases are tried de novo on appeal upon the record made in the chancery court, and the rule that this court disposes of them and resolves the issues on that record is well established; the fact that the chancellor based his decision upon an erroneous conclusion does not preclude this court's reviewing the entire case de novo.

*Conagra, Inc. v. Tyson Foods, Inc.*, 342 Ark. 672, 677, 30 S.W.3d 725, 728 (2000); *Ferguson v. Green*, 266 Ark. 556, 563–564, 587 S.W.2d 18, 23 (1979) (citations omitted).

■ ■ When construing a deed, we ascertain the intention of the parties, and we examine the four corners of the deed to ascertain intent. *Webber v. Webber*, 331 Ark. 395, 962 S.W.2d 345 (1998). Our first duty is to give effect to every word, sentence, and provision of a deed where possible to do so. *Id.* We will not resort to rules of construction when a deed is clear and contains no ambiguities, but we will do so when its language is ambiguous, uncertain, or doubtful. *Bennett v. Henderson*, 281 Ark. 222, 663 S.W.2d 180 (1984); *Barnes v. Barnes*, 275 Ark. 117, 627 S.W.2d 552 (1982).

Appellant first argues that *Steele* settled his status as a "child" of Thelma Brown and that, after the deaths of Carl and Thelma Brown, appellant had a one-half undivided interest in the property. *Steele*, however, is not determinative, as it does not address whether adopted children are included in the term "children."

■ It is certainly true, as appellant argues, that "children" is a broader term than the word "heirs" and may include adopted children. *Kelly v. Kelly*, 176 Ark. 548, 3 S.W.2d 305 (1928). If a will or a deed shows it was the intention of the testator or grantor to use the words "child or children" to mean words of limitation like "heirs of his body," it has been held that that is what was meant. *See Wilkins v. Wilkins*, 212 Ark. 242, 206 S.W.2d 26 (1947). The term "heirs," in its strict legal sense, means those upon whom the law casts the inheritance of land, *Johnson v. Knights of Honor*, 53 Ark. 255, 13 S.W. 794 (1890), but this construction will yield if the face of the instrument shows sufficient intent that the meaning of the word is to be limited to "children." *Black v. Stephenson*, 166 Ark. 429, 267 S.W. 130 (1924); *Wyman v. Johnson*, 68 Ark. 369, 59 S.W. 250 (1900). When this latter construction is used, it has been held that "children" does not include after-born or adopted children, without express language. *Wyman v. Johnson, supra. See also Kelly, supra.*

■ The controlling question in making this determination is whether the deed's terms are susceptible to more than one equally reasonable construction. *See Fryer v. Boyett*, 64 Ark. App. 7, 978 S.W.2d 304 (1998). The remainder interest in the property was to "Thelma Brown's heirs by Carl Brown." In commonsense terms, a person's heirs "by" a particular person means that person's child or children "born or begot of," meaning natural children. *Webster's Third New International Dictionary* 307 (1993). Appellee was the only heir of Thelma Brown born of or begot by Carl Brown. Appellant, as their adopted child, was not born of or begot by Carl Brown. In these circumstances, we cannot say that the trial court clearly erred in concluding that the deed unambiguously excluded adopted children.

For his second point, appellant argues that the trial court erred in ignoring the adoption statutes, which provided that an adopted child is to be treated for all purposes as a legitimate blood descendent of his adoptive parents. Citing *Davis v. Davis*, 219 Ark. 623, 243 S.W.2d 739 (1951), appellant argues that the adoption statute in effect at the time he was adopted, Ark. Stat. Ann. § 56-109 (1949) (repealed 1977), provided that an adopted child shall be treated as a natural child for all purposes. His reliance on *Davis*, however, is misplaced because the language he cites from *Davis* is from Justice J. Seaborn Holt's dissenting opinion, not the majority opinion. Justice Holt's dissent made the same argument that appellant is now making.

■ *Davis* involved a deed that conveyed real property to the grantor's children for their lives and "then to their bodily heirs." The grantor died intestate, leaving a child who eventually died and was survived by an adopted son but no natural children. The *Davis* court concluded that the adopted son was not a "bodily heir" of his father. The court rejected the argument concerning section 56-109, stating that "the question is not one of inheritance." *Id.* at 624, 243 S.W.2d at 740. The court explained: "Terms such as bodily heirs, issue, etc., have long been defined in the law, and the definition does not include adopted children. A foster child, being a stranger to the blood, is the antithesis of an heir of the body." *Id.* (Citation omitted.) *See also Cox v. Whitten*, 288 Ark. 318, 704 S.W.2d 628 (1986) (holding that a will executed in 1951 that left a life estate to siblings and remainder to their "children" did not give adopted adult a remainder interest); *Bilsky v. Bilsky*, 248 Ark. 1060, 1064, 455 S.W.2d 901, 903 (1970) (noting that, in interpreting "issue" used in a will executed in 1955, "[t]erms such as bodily heirs, issue, etc. have long been defined in the law, and the definition does not include adopted children"). Thus, the *Davis* court concluded that the adoption-inheritance laws were not intended to modify the established meaning of terms used in deeds.

■ *Davis* dealt with the same adoption statute under which appellant was adopted. The supreme court has left open the ques-

tion of whether the same result would apply under the current adoption statute, Ark. Code Ann. § 9-9-215 (2002). *Sides v. Beene*, 327 Ark. 401, 938 S.W.2d 840 (1997). Because *Davis* rejected the specific argument now being made by appellant, we affirm on this point.

On cross-appeal, appellee contends that the trial court erred in finding that appellant met his burden of proving that he was the adopted child of Thelma and Carl Brown. Because we affirm the trial court's interpretation of the deed, this issue is moot.

Affirmed on direct appeal; cross-appeal moot.

STROUD, C.J., and GRIFFEN, J., agree.